No. 3000.—Mrs. Ann Smith, Widow, etc., Administratrix, et al. *v.* James H. Jones et al.

The room or place where the court usually holds its sessions is not sacramental. Therefore, court may be opened and held in the room, commonly used as a clerk's office, and the decrees and judgments, rendered in such room or place, will not be void on that account.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J.  A. L. Tissot* and *Cotton & Levy,* for plaintiffs and appellants. *Hornor & Benedict,* for defendants and appellees

Howe, J.   James H. Jones instituted executory proceedings in the Fifth District Court, for the parish of Orleans, for the collection of a note made by A. W. Horlor and secured by mortgage and vendor's privilege.

The plaintiff in this case, widow and administratrix of Horlor, and Emelia Horlor, daughter of the deceased, sued out the injunction, now before us, to arrest the seizure and sale on various grounds, which do not seem to be either established by the evidence or insisted upon in the argument.

A rule was taken by Jones, defendant in injunction, to dissolve the same, on the grounds that the petition was untrue; that it set up no cause of action; that no special relief except an indefinite delay was asked, and that the bond was too small.

The case was tried summarily, and judgment given by the court *a qua,* dissolving the injunction, with ten per cent. damages, and the plaintiffs appealed.

The injunction appears to have been sued out merely for delay, and the points made here are purely technical.

The trial of the rule occupied five days in the court below. It seems that when the cause came up, at 10 A. M. of the second day, the witnesses of the plaintiffs were not present, and attachments were issued returnable at noon. The judge proceeded with the trial of another cause, a jury case. At noon, witnesses having arrived, the judge left the jury case and proceeded with the summary trial of the rule in the adjoining room, used as a clerk's office; but yet in open court, in the legal sense, there being a judge, a clerk and a sheriff, and the record showing that the court was open. The parties to the jury cause, who

were thus left, are not before us, and do not complain; and we can not perceive that the plaintiffs have any legal reason to consider themselves aggrieved. It will hardly be pretended that, of the two rooms in question, one is much better than the other, and certainly not, that it is sacramental to use one for holding "open court" rather than the other. And, finally, it is not pretended that on the first, third, fourth and fifth days of the trial, there were any irregularities in the method of holding the court.

It is suggested parenthetically in the brief that the court *a qua* was without jurisdiction. The point is untenable. See Graham *v.* Markey, 22 An.

Judgment affirmed.