MICHELSON <i>v.</i> CUNNINGHAM, for use, etc.

1. The practice prevailing in a given superior court to assign for trial on the first day of each term all cases in which defenses had been filed and issues made, had no application to a case in which, up to and including the first day of the trial term thereof, no defense had in fact been filed.
2. Where, on a given day during the trial term of a rule *nisi* to foreclose a mortgage on realty, the rule was made absolute, no defense having been filed, and the defendant allowed about six weeks to elapse before filing any plea, all the juries having in the meantime been discharged for the term, there was no error in overruling a motion of the defendant to set aside the rule absolute for the purpose of having a trial upon the merits of the case; and this is true even though the plea set forth a good defense.   If the judge had any discretion in the matter, it was certainly not abused under the facts of this case.

June 10, 1895.   Justice ATKINSON being disqualified, Judge HART, of the Ocmulgee circuit, was designated to preside.

Motion to set aside judgment.    Before Judge SWEAT. Glynn superior court.    May term, 1894.

A rule absolute to foreclose a mortgage, in behalf of Cunningham suing for the use of the Brunswick State Bank against Zella B. Michelson and Morris Michelson, was taken.    At the same term Zella B. Michelson moved to set aside the judgment absolute, upon the following grounds: (1) It was entered up before the expiration of the

term next after the rule *nisi* was granted, and hence was premature, inasmuch as the code (§3964) allows the defendant to answer the rule *nisi* at any time during the term to which it is made returnable. (2) Said cause was not assigned in its regular order for hearing, according to the practice of assigning causes in said court for trial; and hence defendant was not apprised of the calling of the cause for trial, and knew nothing of the judgment absolute against her until some days after its rendition. Relying upon such practice of the court, she felt secured in her rights to make answer in the cause at any time during the May term, to which the rule *nisi* was made returnable, before the time assigned for said trial of cause. (3) She has made and filed her answer setting up good and valid reasons why said judgment should not be made absolute against her, reference to which is made.

The motion to set aside was heard upon the following agreed state of facts: It has been and now is the practice of this court, which has prevailed for a number of years, to assign generally, upon the first day of each term of the court, all cases that are upon the trial docket by reason of defenses filed and issues made at each term of the court ready for trial, and all litigants and witnesses in such litigated cases need attend court only upon those days in which the causes they are interested in are upon the calendar for that day. This assignment of litigated causes is published for the convenience of parties and witnesses, and they must be governed by the calendar, unless otherwise notified. No cases, heretofore, for the foreclosure of mortgages have ever been assigned, but judgment absolute taken on the first day or any day during the term that plaintiff's counsel presented rule absolute; and this cause was not assigned, and no notice was given to defendant Zella B. Michelson, of the time that said cause would be heard. The suit had been properly filed and rule *nisi* granted accord-

ing to law and served in time, calling upon the defend-
ants to pay the money into court upon the first day of
the May term, 1894. The judgment absolute was granted
on May 29th, during said term. The defense upon the
part of Zella B. Michelson was filed on July 10, 1894,
during the same term, before the motion to set aside was
filed, and after the discharge of both the grand and petit
juries for the term; and she was not aware of the grant-
ing of the rule absolute until just prior to the filing of
said defense.

The court overruled the motion, and movant excepted.

ATKINSON & DUNWODY, for plaintiff in error.
GOODYEAR & KAY, *contra.*

HART, Judge.

The official report of the facts of this case is suffi-
ciently full. The plaintiff in error insists that the court
erred in overruling her motion to set aside the judg-
ment of foreclosure, upon two grounds. 1st: Because
the judgment absolute was prematurely granted. 2d:
Because, under the practice of long standing in Glynn
superior court, the case should have been first "assigned,"
before final judgment. The determination of the first
ground depends upon the construction to be given sec-
tions 3962 and 3964 of the code. The first provides,
that upon the filing of a petition to foreclose a mortgage
on realty, "the court shall grant a rule, directing the
principal, interest and costs to be paid into court on or
before the first day of the next term immediately suc-
ceeding the one at which such rule is granted." The
"rule *nisi*" requires the defendant to pay into court the
demand of the plaintiff *on* or *before the first day* of the
*next term,*—a copy of which rule is duly served upon
the defendant. The defendant is thus put upon notice
that unless he shows a valid reason why the demand of
the plaintiff should not be allowed, the court will enter

up judgment in conformity with the petition, and he is, we repeat, called upon to pay the money into court, "*on* or *before* the *first day* of the *next succeeding term.*" The case is very plain thus far, and whatever confusion may arise grows out of section 3964. After providing for service, it declares that "the mortgagor, or his special agent or attorney, may appear *at the term* of the court at which the money is directed to be paid, and file his objections," etc. It was insisted by the able counsel for the plaintiff in error, that the mortgagor was entitled to file his defense *at any time* during the second term, and that therefore he was allowed the whole of that term within which to do so. The rule requires him to pay by a particular day; but it was argued that the statute providing for his defense gives him *any day* during the term, to give his reasons for not paying. I do not think, by a fair construction, the statute means that. The majority of this court are, however, content to say, that in this particular case, surrounded by its own peculiar facts, there was no abuse of discretion by the judge below in refusing to open the judgment making the rule absolute. It may be said (I trust with becoming modesty), that I am prepared to go further, thus manifesting a courage born, perhaps, of inexperience; and to hold that every mortgagor, who has been regularly served, and who permits, through his laches or inattention, a judgment absolute in default to be entered up against him, after the first day of the trial term upon a regular call of the docket, is forever thereafter bound by that judgment. He has had his day in court, at least he has had the opportunity to be heard, and has chosen to disregard it. There are of course many judgments by default which the court in the exercise of a sound discretion may set aside, but the reasons for so doing are generally reckoned to be of a providential nature, or founded upon excuses standing on a similar

footing. Judgment by default in consequence of negligence carries the case beyond the discretion of the judge. My insistence is that this case did not fall within that class of cases in which it was contemplated that the judge should exercise any discretion. I think that section 3964 which says, "the mortgagor, or his special agent or attorney, may appear at the term" and file his defense, at most only means he may file his defense at the term when his case is regularly called for trial, that is, at any time during the term, *before* or *when his case is called for trial*, but not afterwards. If this is not the law, then a mortgagor could sit in the court-house, hear his case called, by his silence permit judgment to be entered up against him, wait until the juries were discharged for the term, and just before the judge ordered an adjournment pull from his pocket an answer, or plea, setting up a defense, which may be without merit, and thus work a six months continuance, to the great discomfiture of the plaintiff, his creditor. The better practice, where mortgages are to be resisted, is to file the defense on the first day of the term when allowable, or at least when the case is sounded for trial on the regular call of the docket. To wait longer is hazardous, and perchance may be fatal.

As to the second contention of the plaintiff in error, viz: that the judgment should have been set aside because this case had not first been assigned for trial upon a day certain, we think that too is without merit. From the bill of exceptions it does not appear that cases in which no issue had been formed had ever been "assigned" in Glynn superior court. Only litigated cases were so treated. This case was in default the moment when called and no defense filed. It would not, therefore, fall within the rule contended for by plaintiff in error. For these reasons, we do not think the court below erred in refusing to open the default, or to set the plaintiff's judgment aside.　　　　*Judgment affirmed.*