PER CURIAM. For the reasons stated in the case of Oishei v. Pennsylvania Railroad Company, Impleaded with Giovanni Bonaddio (decided herewith) 102 N. Y. Supp. 368, this judgment was right, should be affirmed, with costs.

---

(117 App. Div. 119)

### OISHEI v. PENNSYLVANIA R. CO. et al.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

Appeal from Special Term, New York County.

Action by Achille J. Oishei against the Pennsylvania Railroad Company, impleaded with Vincenzo Morenna. From a judgment for plaintiff, defendant company appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, HOUGHTON, and LAMBERT, JJ.

Norman B. Beecher, for appellant.
Nelson L. Keach, for respondent.

PER CURIAM. For the reasons stated in the case of Oishei v. Pennsylvania Railroad Company, Impleaded with Giovanni Bonaddio (decided herewith) 102 N. Y. Supp. 368, this judgment was right, and should be affirmed, with costs.

---

(117 App. Div. 154)

### PEOPLE ex rel. WEICK v. WARDEN OF CITY PRISON.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

1. COURTS—TERMS—TRIAL TERM.

Code Civ. Proc. § 232, provides that two or more Trial Terms may be appointed to be held at the same time in any county, and that a Trial Term in any county may be held in two or more parts. Code Civ. Proc. § 45, and Code Cr. Proc. § 432, provide that a term of court may be continued, notwithstanding the expiration of the time appointed for the term, to continue a trial. Pursuant to Code Civ. Proc. § 232, a Trial Term of the Supreme Court was appointed to commence in November, and at the end of that month an order was entered continuing the term until the 3d of December, and thereafter until the business before the court should be disposed of. A Trial Term of the Supreme Court was appointed to commence on the first Monday of December. When the order continuing the November term was made, an unfinished criminal case was on trial, which was continued until the 11th of December, and thereafter defendant was tried and convicted. *Held,* that sections 45 and 432 apply to cases where a time is fixed for the expiration of a term by some provision of law or by the authority authorized to appoint the terms of courts, and the court was not without jurisdiction to try defendant on the ground that the November Trial Term ceased to be a term of the Supreme Court on the first Monday of December, or on the completion of a trial that was unfinished at that time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 240–242.]

2. CRIMINAL LAW—APPEAL—REVERSAL.

Code Cr. Proc. § 542, provides that judgment must be given on appeal, without regard to technical errors not affecting substantial rights. A Trial Term of the Supreme Court was appointed to be held in the county court

house, and during the trial of a criminal case, the accommodations in the criminal court building being inadequate, the trial was continued in one of the courtrooms of the county courthouse, in which it had been the custom to hold the terms of the Supreme Court in which civil cases were tried. *Held*, that under the statute, and as both the criminal court building and county courthouse constituted the courthouse in the county of New York, such change was no ground for the reversal of a conviction.

3. HABEAS CORPUS—GROUNDS FOR RELIEF—IRREGULARITIES.

One held under a judgment based on a conviction of manslaughter was not entitled to release on habeas corpus because the judgment was for any reason irregular, or because there had been a mistrial, since, if the judgment was irregular, the proper proceeding was by motion for arrest of judgment, or by an appeal from the judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Habeas Corpus, §§ 3, 4, 25.]

Appeal from Trial Term, New York County.

Habeas corpus by the people, on the relation of Margaret Weick, against the warden of the city prison of the city of New York, to obtain relator's release from custody. From an order dismissing the writ, relator appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Edward Hymes, for appellant.

Robert C. Taylor, Asst. Dist. Atty., for respondent.

INGRAHAM, J.   A Trial Term of the Supreme Court was appointed by the Appellate Division of this department to commence on the first Monday of November, 1905, and to that court Mr. Justice·Greenbaum, a justice of the Supreme Court, was assigned.   He presided in that court during the month of November, and at the end of that month, on the application of the district attorney, an order was entered which recited that, "it appearing to the court, from the statements of the district attorney of the county of New York and from the indictments filed by the grand jury of the county of New York and triable in this court, that the public interests require that the November, 1906, term of this court be continued," it was therefore ordered that "this November, 1906, term of this court be, and, the same is hereby, continued to and until the 3d day of December, 1906, and thereafter until such business as may be and be brought before this court is disposed of."   A Trial Term of the Supreme Court had been appointed by the Appellate Division of this department to commence on the first Monday of December, 1906, and thereafter during the month of December both the continued November term and the December term transacted business in the county of New York.   On the 30th of November, when the order was made continuing the November term, an unfinished case was on trial, which case was continued until the 11th of December, 1906, and on the 12th of December, 1906, this relator, who had been indicted by the grand jury for manslaughter in the first degree, was tried in the continued November term, which trial resulted in her conviction. After her conviction the defendant for the first time, objected to the jurisdiction of the court on the ground that the term had ended with the month of November, or upon the conclusion of the trial which had

been commenced during that month, and the court was therefore without jurisdiction to commence a new trial after the commencement of the December term of the Supreme Court, and then moved for arrest of judgment on this ground. That motion having been denied, the relator obtained a writ of habeas corpus, claiming that the court had no jurisdiction to try the relator, and asking that she be discharged. Upon the hearing at the Special Term this writ of habeas corpus was dismissed, and the relator appeals.

It is not disputed but that the term of the Supreme Court was properly appointed by the Appellate Division in pursuance of the authority contained in the sixth article of the Constitution and section 232 of the Code of Civil Procedure. It was presided over by a justice of the Supreme Court, as provided by the Constitution, assigned to preside over that term by the Appellate Division of this department. There can be no question, therefore, but that it was a legal court, legally authorized and competent to try this relator for the offense charged, unless it ceased to be a term of the Supreme Court on the first Monday of December, 1906, when the December term of the court was appointed to be held, or upon the completion of a trial that was unfinished at that time. There is no provision in the Constitution or in the Code of Civil Procedure which limits the duration of a term of the Supreme Court once duly appointed to be held, and the duration of the term was not limited by the appointment for this term made by the Appellate Division of this department. It is true that on the first Monday of December a new Trial Term was appointed to be held in the county of New York; but, in the absence of any express provision of the Constitution or the law of this state, there appears to be no reason why a new term should, of itself, terminate a term theretofore established. The provisions of section 45 of the Code of Civil Procedure and section 432 of the Code of Criminal Procedure which provided that a term of the court can be continued, notwithstanding the expiration of the time appointed for the term, to continue a trial, are intended to apply to cases where a time is fixed for the expiration of the term either by some express provision of law or by the authority authorized to appoint the terms of courts. As there was no time fixed at which the November term of the Trial Terms of the Supreme Court should end, the term continued until regularly adjourned by the justice designated to hold the term, or, in his absence, some other justice of the Supreme Court. In the county of New York there had been 13 Trial Terms of the Supreme Court appointed for the month of November, and also 13 Trial Terms of the Supreme Court appointed for the month of December. Of these, Part 1 of the Trial Term was designated as the term for the transaction of criminal business. But, as before stated, there was nothing, either in the Constitution or the statute, or in the appointment of the terms, which provided when a term thus established should terminate, and thus each term continued until it was regularly adjourned without day.

If legislative authority was necessary in the absence of a prohibition, we think that is furnished by section 232 of the Code of Civil Procedure, which provides that:

"Two or more Trial Terms may be appointed to be held and may be held at the same time in any county. A Trial Term in any county may be held in two or more parts, and a jury panel may be summoned to serve in each part, or jurors may be drawn from one panel."

Provision is here expressly made for the holding at the same time of two or more Trial Terms in the same county, and thus, under the system established in this state, there can be no objection to a continuance of one term of the Supreme Court after a new term has commenced. The right of a term of the Supreme Court to continue its term from day to day is expressly recognized in People v. Sullivan, 115 N. Y. 185, 21 N. E. 1039; for it was there held that there is an inherent power in the court to adjourn its proceedings from day to day as long as it is necessary to finish the business legitimately brought before it, unless by the terms of some statute its existence is sooner brought to a close. And this same principle was affirmed in People v. Young, 151 N. Y. 210, 45 N. E. 460.

The appellant relies upon authorities from other states which have held that a term of the court ended upon the commencement of a new term; but this is put upon the express ground that otherwise two terms of the same court would be held at the same time. But in this state the Legislature has expressly overcome this objection by allowing two terms of the same court to be held at the same time. I think, therefore, the objection is without merit, and that a term of the Supreme Court, once established as provided by the Constitution and the Code of Civil Procedure, continues until it is adjourned without day, and the fact that in the meanwhile another term of the court is appointed to be held has no effect upon the continued term.

The relator also claims that the court lost jurisdiction to try the relator because, during the trial, the accommodations in the Criminal Court Building being inadequate for the work to be done, the trial continued in one of the courtrooms of the county courthouse, in which it has been the custom to hold the terms of the Supreme Court in which civil cases were tried. But both the Criminal Court Building and the county courthouse constituted the courthouse in the county of New York. These Trial Terms of the Supreme Court were appointed to be held at the courthouse in the county of New York. A person indicted for crime has no constitutional right to be tried in one courtroom rather than in another in the same county, and there could be no possible disadvantage to the relator, and none is alleged, in the change of courtrooms, whether the rooms were in one or more buildings. We think the objection entirely without merit. The time has passed in this state when a person indicted for crime, having been tried by a court organized as required by the Constitution, presided over by a judicial officer duly elected to preside, and where all the rights of the accused have been carefully preserved and guarded, may have his conviction set aside upon a technical claim such as that presented.

The case of Northrup v. People, 37 N. Y. 203, has no application. There the prisoner was entitled to be tried by a jury drawn from the inhabitants of the town in which the court was appointed to be held, and the justice, in adjourning the trial from one town to another

town of the same county and drawing a jury from the town to which the trial had been adjourned, violated a right of the prisoner, which the court held required that a new trial should be granted. There was thus a very different question from that presented upon this appeal. But, whatever was held in that case, under the present law of this state the substantial rights of a prisoner accused of crime are considered, and mere technical objections are not allowed to invalidate a judgment entered after a judicial proceeding in which the rights of the accused have been fully protected, and the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties. Section 542, Code Cr. Proc.

It is also quite apparent that this question cannot be raised by habeas corpus. The relator is held under a judgment of the Supreme Court of the state of New York, based upon a conviction by a jury of the crime of manslaughter in the first degree. If the judgment was for any reason irregular, the proper proceeding was by a motion for arrest of judgment, or by an appeal from the judgment. If there was a mistrial, in no event would the relator be entitled to a discharge. These objections were mere irregularities, which were waived, as no objection was taken by the relator at the time. In any aspect of the case, the writ of habeas corpus was properly dismissed.

It follows that the order appealed from must be affirmed. All concur.