## PEOPLE v. WEICK.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. CRIMINAL LAW—TRIAL—HYPOTHETICAL QUESTIONS.

A hypothetical question in a homicide case, stating that an instrument used looked like one or the other of certain instruments and that a certain substance seen looked like skin or membrane, was proper, where the testimony was in the language of the question and the witness was familiar with the instruments named, but could not state definitely on account of the brief view.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1073, 1074.]

2. HOMICIDE—POSSESSION OF INSTRUMENTS—CONDUCT.

In a manslaughter case, it is proper to show that shortly after an alleged abortion accused had in her possession instruments for that purpose, and tried to hide them or gave an unreasonable explanation for her possession of them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Homicide, § 364.]

3. CRIMINAL LAW—TRIAL—CONDUCT OF COUNSEL.

Conduct of the prosecuting attorney in attempting to go outside the evidence in a criminal case is not prejudicial, where it was promptly objected

.to and he was admonished by the court to confine his remarks to comments on the evidence before the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 1693.]

**4. SAME—APPEAL—REVERSAL.**

The fact that in a criminal prosecution the November term was extended into December, and that the place of trial was transferred from the Criminal Court building to the County Courthouse, will not warrant a reversal of a conviction.

Appeal from Criminal Term, New York County.

Margaret Weick was convicted of manslaughter in the first degree, and appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Edward Hymes, for appellant.
Robert S. Johnstone, Deputy Dist. Atty., for the People.

HOUGHTON, J. The defendant was indicted for manslaughter in the first degree in having caused the death of one Matilda Walsh through performing a criminal operation upon her, and the trial jury found a verdict of guilty as charged. The record discloses sufficient evidence to warrant the jury in finding that the decedent was pregnant, and that the defendant performed, by means of an instrument, an unnecessary abortion upon her, from the effects of which she died. The defendant introduced no evidence in her own behalf, and she does not press insufficiency of evidence as a ground of reversal; but she insists that the hypothetical question which the court permitted to be propounded to the people's expert witness was improper, and embraced facts not established by the evidence, and that the people were erroneously permitted to prove that on the day following the alleged operation several "bougies"—instruments used for producing abortion— were found in defendant's possession, and, further, that the assistant of the district attorney, representing the prosecution, was guilty of improper conduct upon the trial.

We think none of these positions are well taken. The principal objection to the hypothetical question is that it embraced a statement that the instrument which the witness saw the defendant withdraw from the vagina of the decedent looked like a bougie or catheter, and that in the bloody discharge from her person there were substances which looked like skin or membrane, and that upon the post mortem examination there was present in the uterus a substance that looked like placental tissue to the doctors who observed it. Various witnesses had testified before the jury in the language stated in the question. The witness who saw the instrument withdrawn from the person of the deceased could not say positively, from the brief view she had of it, that it was a bougie or catheter; but she testified, being familiar with the instruments, that it looked like one or the other, either of which could be used to produce abortion, and she also testified that in the bloody discharge there was a substance which looked like membrane or skin. This was permissible evidence, and was testimony as to facts. Testimony that an observed thing looked to the

observer like a known object does not prove conclusively that it was in fact that particular thing; but it is some evidence that it was such, and, taken in connection with other evidence, might wholly satisfy the minds of the jury. The hypothetical question was therefore proper, because it accurately stated the facts which had been proved. If the jury found the facts to exist as they were assumed in the question, then they could be guided by the conclusion of the expert; but they were not, even then, bound by his conclusion.

It was entirely proper to prove that, shortly after the alleged performing of the abortion, the defendant was in possession of instruments for that purpose, and that she tried to hide them, or gave an unreasonable explanation of her possession of them. Such evidence is permissible upon the same principle as possession of burglar's tools near the scene and about the time of a burglary, which has always been deemed proper evidence upon a trial for that crime.

The assistant district attorney in his summing up allowed his zeal to lead him into attempting to make some statements outside the evidence. These were promptly objected to by the defendant's counsel, and he was admonished by the court to confine his remarks to comments upon the evidence before the jury. We are of the opinion that no harm could have resulted to the defendant from what was said. If any prejudice was created in their minds from what took place, it would naturally be against the rebuked prosecution rather than the defendant.

For the purpose of saving to herself whatever point there may have been in the fact that the November term was extended into December, and the place of trial transferred from the Criminal Court building to the County Courthouse, the defendant raises the question upon this appeal. That question was before us in habeas corpus proceedings in People ex rel. Weick v. Warden of the City Prison, etc., 117 App. Div. 154, 102 N. Y. Supp. 374, and this court decided against the defendant's contention.

We find no error requiring a reversal of the conviction, and, there being sufficient evidence to warrant the jury in finding the defendant guilty, it should be affirmed. All concur.