## 8239.  LANKFORD v. PETERSON, executrix.

Where a rule nisi on a petition to foreclose a mortgage on realty in the
superior court directed that the money due on the mortgage be paid
into court on or before the first day of the term next immediately suc-
ceeding the term at which it was granted, and the rule was served on
the defendant at least three months before the term designated for the
payment, the issue made by a defense filed at that term was triable at
that term.

DECIDED JUNE 7, 1917.

Foreclosure of mortgage; from Coffee superior court—Judge
Summerall.  February 18, 1916.

*Lankford & Moore, Little, Powell, Smith & Goldstein,* for plain-
tiff in error.  *Dickerson, Kelley & Roberts, F. W. Dart,* contra.

BLOODWORTH, J.  On September 16, 1915, during the Septem-
ber term of the court, a rule nisi to foreclose a mortgage on realty
was issued and duly served upon the mortgagor.  At the February
term, 1916, a plea was filed.  Subsequently during the same term
the case was called for trial, and the defendant objected to the
case being tried at that term, and urged that it be continued, on
the grounds, that the February term, 1916, was the appearance
term of the case, and it could not be tried at that term, a plea hav-
ing been filed in the case; and that no proper verdict could be
rendered at that term and the case should not be tried before a
subsequent term.  The court overruled the objection and ordered
that the trial proceed; and this ruling is assigned as error.

The court properly ruled the case to trial.  Section 3276 of the
Civil Code of 1910 provides that mortgages on real estate
may be foreclosed as follows: "Any person applying and entitled
to foreclose such mortgage shall, by himself or his attorney, peti-
tion to the superior court of the county wherein the mortgaged
property may be, which petition shall contain a statement of the
case, the amount of the petitioner's demand, and a description of
the property mortgaged; whereupon the court shall grant a rule
directing the principal, interest, and costs to be paid into court on
or before the first day of the next term immediately succeeding the
one at which such rule is granted; which rule shall be published
once a month for four months, or served on the mortgagor, or his
special agent or attorney, at least three months previous to the time
at which the money is directed to be paid into court, as aforesaid."
The rule nisi served upon the mortgagor in this case followed the

provisions of this section and was served as therein provided. It will be noticed that this section requires that the principal, interest, and costs shall be paid into court "on or before the first day of the next term immediately succeeding the one at which such rule is granted." Section 3279 of the code provides that when the mortgagor has been served as above required, he "may appear at the term of the court at which the money is directed to be paid and file his objection to the foreclosure of such mortgage." Section 3282 says: "When proceedings to foreclose a mortgage are instituted, and a defense is set up thereto, as hereinbefore provided, the issue shall be submitted to and tried by a special jury." When shall this issue be tried? At the first term after the mortgagor has been served three months. *Vaughn* v. *Farmers & Merchants Bank,* 145 *Ga.* 338 (89 S. E. 195); *Southern States Phosphate &c. Co.* v. *Clark,* 19 *Ga. App.* 376 (91 S. E. 573). As related to the foreclosure of mortgages on realty, the term at which the rule nisi is granted is the first term, and when there are but two terms of the court a year and service is promptly perfected, as in the instant case, the next term is the trial term. The case of *Michelson* v. *Cunningham,* 96 *Ga.* 601 (24 S. E. 144), was one in which the rule nisi to foreclose a mortgage on realty was issued at the December term, 1913, and a rule absolute entered at the May term, 1914. The May term is referred to in both the second headnote and the body of the decision as "the trial term."

It will thus be seen that where a mortgage on realty is foreclosed, the defendant has three months' notice of the plaintiff's demand, and should ordinarily be ready for trial on the call of the case after such notice. If the plaintiff is ready, there is no need for further delay. Of course, on a proper showing made, by either party, for a continuance, it should be granted; but the defendant has not, as a matter of law, the right to another term.

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*