## WALTON *v.* WILKINSON BOLTON COMPANY.

1. The superior courts of this State must be held at the county site and court-house, if any, of each county, or other place therein designated by law.

(*a*) A judgment rendered by a superior court of this State in a room in the court-house at the county site, other than the regular court-room, is not void where no legal or constitutional right of the defendant was infringed, and no substantial injury to him has been done.

(*b*) Where a rule nisi to foreclose a mortgage was made returnable to the November, 1922, term of the superior court, which term was fixed by law to begin on November 6, 1922, and where the judge of said court caused to be published in the newspaper which was the official organ of the county, and otherwise, a notice that said term of the court would not be held but was postponed to a later day, and where said court was not opened and held on said date, but was postponed, a judgment privately rendered by the judge on that day in the clerk's office in the court-house, without sounding the docket or calling the case, and without notice to the defendant, was void for lack of jurisdiction of the judge to render the same.

(*c*) A petition filed by the defendant to set aside and vacate said judgment, because of the facts above recited, and to enjoin the sale of his property under a levy of the execution issued thereon, was not subject to a general demurrer.

2. The plaintiff having submitted evidence proving the substantial allegations of his petition, the trial judge erred in granting a nonsuit.

Nos. 4091, 4092. MARCH 13, 1924. REHEARING DENIED MAY 15, 1924.

Equitable petition. Before William Wynne, judge pro hac vice. Wilkes superior court. November 9, 1923.

*J. M. Pitner* and *Colley & Colley,* for plaintiff.

*W. A. Slaton,* for defendant.

HINES, J.   At the August term, 1922, of Wilkes superior court, the Wilkinson Bolton Company instituted against Walton its statutory proceeding to foreclose a mortgage on certain described real estate.   At that term a rule nisi was granted, returnable to the November term, 1922, of said court.   The latter term would have been held on November 6, 1922, had it not been postponed. The judge of said court, during the week prior to the time when said November term of said court would have been held, announced in the News-Reporter, the official organ of the county, and otherwise, that "Wilkes superior court will not convene next Monday in regular November session."   In pursuance of said notice the court did not convene on November 6, 1922.   On that day the judge came to the City of Washington, arriving about 10 o'clock

a. m., and departed therefrom at 3:50 o'clock p. m.  On arriving in Washington, he went to the clerk's office of the superior court, and announced there that he had come over for the purpose of disposing of some motions for new trial and of adjourning the court.  No business was transacted while the judge was in the clerk's office, except the disposition of certain motions for new trial and the rendition of a judgment foreclosing said mortgage. The issue or appearance docket of the court was not called by the judge in the clerk's office or elsewhere on said date, and the rule absolute was granted by the court without the knowledge of the defendant or his attorney.  Said case was not sounded by the judge, and the rule absolute was signed by him upon its presentation by counsel for the company while he was in the clerk's office.  No entry of a judgment foreclosing said mortgage has ever been made by the court on the docket.  The November term, 1922, was not opened, and said term was not held.  On November 6, 1922, that term was adjourned until the first Monday in December, 1922; but this adjourned term, after two days' session, was continued on account of the illness of the judge.  On November 7, 1922, the defendant in said foreclosure proceeding filed his answer to the rule nisi to foreclose said mortgage, in which he set up the full payment of said mortgage.  The defendant's answer would have been filed on the first day of the November term of said court, but for said announcement of the judge that that term would not be held.  Previously to November 6, 1922, the attorney for the defendant had informed the attorney for the plaintiff that the foreclosure of said mortgage would be contested and an answer would be filed.  The attorney for the defendant had further informed the attorney for the plaintiff of the evidence upon which the defendant would rely to establish the payment of the mortgage. Sometime in January, 1923, the execution which had been issued upon the judgment foreclosing said mortgage was levied upon the property embraced therein.  Thereupon the defendant therein filed his equitable petition against said Wilkinson Bolton Company, to vacate and set aside said judgment of foreclosure for the reasons above stated, and to enjoin the sale of his property under said mortgage execution.  To this petition the defendant demurred on the grounds:  (1) that no cause of action was set forth therein; (2) that plaintiff did not set forth any facts from which the in-

ference could be raised that a judgment was obtained by fraud, mistake, or accident; (3) that plaintiff was negligent in failing to file his defense at the time required by law. The court overruled this demurrer; and error is assigned on that ruling, in the cross-bill of exceptions. Thereafter the case came on for trial before the Hon. William Wynne, as judge pro hac vice. At the conclusion of the evidence for the plaintiff the judge granted a motion to nonsuit the plaintiff's case; and to this judgment the plaintiff excepted, and error is assigned thereon in the main bill of exceptions.

1. We will deal first with the question raised in the cross-bill of exceptions. Did the trial judge err in overruling the demurrer to the petition? The judgment foreclosing the mortgage was rendered in the clerk's office, on the first day of the November term, to which the rule nisi was returnable. The judge had caused a previous notice to be published in the official organ of the county, that this term of the court would not be held; and it was not held. There was no opening of the court on that day. The case was not sounded at the time the judgment was taken; but the same was privately presented by the plaintiff to the judge, who signed the same. Superior courts must be held "at the county site and court-house (if any) of each county, or other place therein designated by law." Civil Code (1910), § 4839. We would not, if it were necessary to decide this question, be disposed to hold that a judgment of the superior court was void, under this statute, because rendered in a room in the court-house other than the regular room in which that court is usually held. Under a statute of Alabama, similar to our statute, it was held that it was not error to hold the court in the sheriff's office. Scott v. State, 133 Ala. 112 (32 So. 623). The Supreme Court of Louisiana decided that "the court may be opened and held in the room commonly used as a clerk's office, and the decrees and judgments, rendered in such room or place, will not be void." Smith v. Jones, 23 La. Ann. 43. In that case the clerk's room adjoined the court-room, the parties were present and participated in the trial; and in its opinion that court said that the proceeding was "in open court, in the legal sense, there being a judge, a clerk and a sheriff, and the record showing that the court was open." In Block v. Kearney, 6 Cal. Unrep. 660 (64 Pac. 267),

the Supreme Court of California held: "Where a judgment in unlawful detainer purports to have been rendered in open court, it cannot be attacked by an affidavit of counsel that it was in fact rendered in the judge's chambers adjoining the court-room; the door being open between the rooms." In Courtney v. State, 5 Ind. App. 356 (32 N. E. 335), the Appellate Court of Indiana held: "Where another judge has been substituted for the trial of a particular case, while such trial is in progress in the regular court-room, the judge of the circuit may hold a session of court in another room in the court-house, and an indictment may be regularly received from the grand jury at such session." In that case a trial was in progress in the main court-room. The judge then went into another room in the same court-house, which was occasionally used for holding court, and there found the grand jury, who had come in to return indictments. The judge then took a seat behind a table facing the grand jurors, and in the customary form received from the foreman a large number of indictments, among them the indictment which in that case was attacked on the ground that it was not returned in open court. Besides the judge and the members of the grand jury, there were present the deputy clerk, deputy sheriff, prosecuting attorney, and several other persons. There was evidence that the door between the room in which the indictments were received and the main court-room was open. The court held that the indictments were received in open court.

In People v. Warden, 117 App. Div. 154 (102 N. Y. Supp. 374), the court said: "A person indicted for crime has no constitutional right to be tried in one court-room rather than in another in the same county; and there could be no possible disadvantage to the relator, and none is alleged, in the change of court-rooms, whether the rooms were in one or more buildings." So where from a special emergency steps are taken in the cause before a special judge, while another cause is on trial, rendering it necessary to occupy a room in the court-house other than the regular court-room, and in so doing no legal or constitutional right of the accused is infringed, and it is manifest that no substantial injury has been done, the trial is not illegal. Reed v. State, 147 Ind. 41 (46 N. E. 135). "It is not in all cases essential to the validity of a court's proceedings that the court be held in the house or room where its sessions are usually held." 15 C. J. § 266.

While generally the trial of a case in a room in a court-house, other than the regular court-room, does not render the proceedings void, the rendition of a judgment by the trial judge in the clerk's office, privately, without the case being sounded, and without notice to or knowledge by a party that the judge would take up the case for the purpose of rendering judgment therein, and without the court being formally opened, is void for lack of jurisdiction of the judge to render judgment. This is especially so when the judge, at the beginning of the proceedings in the clerk's office, announced that he would only hear and dispose of motions for new trial. Furthermore, the rendition of this judgment was, in effect, done in vacation and at chambers. In this State superior-court judges cannot exercise any power out of term time, unless the authority is expressly granted by statute. Civil Code (1910), § 4854. There is no statute in this State authorizing a superior-court judge to render in vacation a judgment foreclosing a mortgage in a statutory proceeding for that purpose. In this case the judge had previously announced to the public that the November term, 1922, of Wilkes superior court would not be held. That term of said court was not held, but was adjourned to a subsequent date in December. The court was not formally or otherwise opened. The judge, being at the county site on the day when that term would have begun, went to the clerk's office and announced that no business would be transacted, either in term or vacation, except the hearing of certain motions for new trial. Opening is essential to the holding of a court. Holding the court includes the opening of court. Letcher v. State, 159 Ala. 59 (48 So. 805, 17 Ann. Cas. 716) ; 7 R. C. L. § 14. As the November term, 1922, of Wilkes superior court was not opened and held, but was expressly postponed, what the trial judge did on the day that term would have commenced, if held, was necessarily in vacation; and this being so, the trial judge was without authority to render the judgment foreclosing this mortgage on that day. This being so, the petition set forth a good cause of action for setting aside and vacating this judgment, and the trial judge properly overruled the demurrer thereto.

2. This brings us to consider the question presented in the main bill of exceptions. At the conclusion of the plaintiff's evidence, the learned judge who tried the case granted a motion for non-suit. Error is assigned on this judgment of nonsuit. Was the

2

nonsuit properly granted? We have seen that the plaintiff's petition set forth a good cause of action. The evidence introduced by the plaintiff substantially supported the allegations of the petition. This being so, the trial judge erred in granting a nonsuit. *Tucker* v. *Weiner Co.,* 135 *Ga.* 647 (70 S. E. 330); *Ellis* v. *Hazlehurst,* 138 *Ga.* 181 (75 S. E. 99).

The trial judge seems to have rested his judgment granting a nonsuit upon the ground that the defendant in the mortgage foreclosure proceeding was negligent in not filing his defense on the sixth day of November, 1922, when the November term, 1922, of the court would have begun, if held. In a statutory proceeding to foreclose a mortgage on real estate, "the mortgagor, or his special agent or attorney, may appear at the term of the court at which the money is directed to be paid, and file his objections to the foreclosure of such mortgage, and may set up and avail himself of any defense which he might lawfully set up in an ordinary suit instituted on the debt or demand secured by such mortgage." Civil Code (1910), § 3279. While it is the better and safer practice for the mortgagor, if he has a defense, to file the same on the first day of the term to which the rule nisi is returnable, he has the right to make such defense "at any time during the term, *before* or *when his case is called for trial,* but not afterwards." *Michelson* v. *Cunningham,* 96 *Ga.* 601 (24 S. E. 144). By the procedure in this case the mortgagor was deprived of this substantial right. Whether negligent or not, we have shown that no valid judgment was rendered in this case; and for this reason the negligence of the mortgagor, if any, would not preclude him from having this void judgment set aside.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*

Russell, C. J., and Atkinson, J., concurring specially. Inasmuch as the judgment upon the mortgage foreclosure was clearly void, as well stated in the opinion, because it was rendered in vacation, it is unnecessary at this time to deal with the question as to invalidity of the judgment on account of the place at which it was rendered; and we refrain from expressing any opinion upon that subject.