## BLOCK v. KEARNEY.

### S. F. No. 1780; March 12, 1901.

#### 64 Pac. 267.

Judgment.—Where on a Motion to Set Aside a Judgment there is no affidavit of merits, the ground of mistake and excusable neglect cannot be considered.

Forcible Entry—Setting Aside Judgment.—Under Code of Civil Procedure, section 475, providing that the court must disregard any error or defect which does not affect the substantial rights of the parties, the fact that a summons in unlawful detainer alleges that plaintiff seeks to recover the amount claimed "in U. S. gold coin," while the complaint prays only for an ordinary money judgment, is not ground for setting aside a judgment entered in accordance with the prayer of the complaint, since the error is immaterial and could not harm the defendant.

Forcible Entry—Service of Process.—Under Code of Civil Procedure, section 410, providing that, when a summons in unlawful detainer is served by a person other than the sheriff, it must be returned with an affidavit of service by such person, it is not necessary that it should appear that the party making the service did so at the request of the plaintiff or his attorneys.

Unlawful Detainer.—Where a Judgment in Unlawful Detainer Purports to have been rendered in open court, it cannot be attacked by an affidavit of counsel that it was in fact rendered in the judge's chambers, adjoining the courtroom, the door being open between the rooms.

Unlawful Detainer.—Where, in an Action of Unlawful Detainer, Plaintiff has recovered by way of penalty three times the amount of rent due, it would not be proper to also allow him damages for a frivolous appeal.

APPEAL from Superior Court, City and County of San Francisco; J. M. Seawell, Judge.

Action by Leo Block against Peter A. Kearney. From a judgment for plaintiff and an order refusing to set aside the judgment defendant appeals. Affirmed.

R. M. F. Soto (N. Hamilton of counsel) for appellant; Edmund Tausky and Wallace A. Wise for respondent.

SMITH, C.—Appeals from a judgment for the plaintiff in a suit for unlawful detainer, and from an order refusing to set aside the judgment. One of the grounds of the motion

to set aside the judgment is mistake and excusable neglect, etc.; but as there is no affidavit of merits, this ground cannot be considered. The other grounds, which are equally involved in the appeal from the judgment, are (1) the insufficiency of the summons; and (2) of the proof of service; and (3) that the judgment was not rendered in open court. None of these grounds can be sustained.

1. The only objection to the summons that need be considered is that it states, in referring to the relief sought, that the plaintiff seeks to recover the amount claimed "in U. S. gold coin," whereas the complaint prays only for an ordinary money judgment. This was doubtless erroneous, but the error was corrected by the complaint, which was attached, and the judgment was rendered in accordance with the prayer of the complaint. The error was immaterial, and could not have harmed the defendant: Code Civ. Proc., sec. 475.

2. As to the proof of service, the objection is that it does not appear "that the party making the service did so at the request of the plaintiff or his attorneys." But it was unnecessary that it should do so: Code Civ. Proc., sec. 410.

3. The judgment purports to have been rendered in open court; but it is stated in the affidavit of plaintiff's counsel, in the bill of exceptions, that it was in fact rendered in the judge's chambers, adjoining the courtroom, the door being open between the rooms. I do not think, however, that the judgment can be attacked in this way. Nor is there any reason why the court may not hold its sessions, when it has been so ordered, in any room of the courthouse, or elsewhere, provided it conforms to the requirements of the law: Code Civ. Proc., secs. 73, 142, 144.

The respondent asks that damages may be allowed for frivolous appeal. But as he has already recovered, by way of penalty, three times the amount of rent due, we do not think it would be proper to grant such relief. The judgment and order should be affirmed.

We concur: Cooper, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.