[Civ. No. 2060.  Second Appellate District.—February 27, 1918.]

## VICTORIA C. AMUNDSON, Respondent, v. GEORGE W. SHAFER, Appellant.

PLEADING—ACTION BY INDIVIDUAL TRANSACTING BUSINESS UNDER FICTITIOUS NAME—COMPLIANCE WITH CODE SECTIONS.—In an action by an individual doing business under a fictitious name, compliance with the provisions of sections 2466 and 2468 of the Civil Code required the filing of a certificate, etc., need not appear on the face of the complaint, since the point may be presented as a defense by way of plea in abatement.

ID.—DEMURRER FOR UNCERTAINTY—APPEAL.—A judgment will not be reversed on appeal because the trial court has erroneously overruled a demurrer to the complaint on the ground of uncertainty, where the substantial rights of the defendant have not been prejudiced by the ruling and the cause has been tried on the merits.

FINDINGS—TIME OF SIGNING—CODE PROVISION DIRECTORY.—The provision of section 634 of the Code of Civil Procedure that where the court directs the preparation of findings, the same shall not be signed prior to the expiration of five days from service of a copy thereof on the adverse party, is *directory only, and may be disregarded whenever compliance would work injustice to the rights of a litigant.*

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson and G. W. Nicol, Judges.

The facts are stated in the opinion of the court.

S. C. Schaefer, for Appellant.

Courtney Lacey, for Respondent.

WORKS, J., *pro tem.*—This is an action of unlawful detainer in which the defendant appeals from a judgment in favor of the plaintiff. The amended complaint alleges, among other things, that the plaintiff is a married woman, but that "the matters alleged in this complaint" concern her sole and separate estate; that "the plaintiff herein is, and was, during all the times herein mentioned, the sole owner and proprietress of that certain business carried on under the name of the Amundson Drug Company," in the city of Los Angeles; that the defendant has been in possession of a certain portion of a storeroom in Los Angeles "under an agreement with plaintiff for the renting thereof from month to month"; and that on August 30, 1915, "the plaintiff" notified the defendant, in writing, that from and after October 1, 1915, the terms of defendant's lease would be changed so that there would be due from him for rent upon the premises occupied by him the sum of one hundred dollars per month. A copy of the notice was attached to the pleading as an exhibit and it was signed, "Amundson Drug Company, by Victoria C. Amundson." The amended complaint also alleges that the defendant remained in possession of the premises occupied by him from the time of service of the notice until the commencement of the action; that, on October 5, 1915, "the plaintiff" made of defendant a demand in writing for the "payment of said rent"; and that a copy of the demand is attached to the pleading as an exhibit. The demand is signed "Amundson Drug Company, by Victoria C. Amundson." It is also alleged in the amended complaint that defendant neglected and refused to comply with the demand and that he held over after default in the payment of rent. A demurrer, both general and special, was interposed to the amended complaint. The special grounds of demurrer were, in part, that the amended complaint was uncertain because it

could not be ascertained from it whether the agreement for renting was made by plaintiff in her individual capacity or in the name of the Amundson Drug Company; or whether the rent alleged to be due was due to plaintiff or to the Amundson Drug Company. The assaulted pleading is uncertain in the respects mentioned, but the uncertainty is not related to substantial or material matters. The argument of the appellant upon the question of uncertainty has behind it the contention that an individual doing business under a fictitious name must affirmatively show, in a complaint based upon a right affecting or which is the property of the business, that he has complied with the provisions of sections 2466 and 2468 of the Civil Code. Those sections require the filing and publication of a certain certificate as a prerequisite to the right to maintain actions concerning the affairs of such a business. But a compliance with their provisions need not appear upon the face of a complaint. If the fact be that the person maintaining such an action has not complied with the sections mentioned, the point may be presented as a defense by way of plea in abatement. (*Holden* v. *Mensinger*, 175 Cal. 300, [165 Pac. 950].) That being so, the appellant was not prejudiced, nor was any substantial right of his affected, by the uncertainties of the amended complaint. If he had any defense upon the merits, it could have been pleaded in his answer in the same manner, whether he regarded the amended complaint as setting up a cause of action belonging to Victoria C. Amundson, or to the Amundson Drug Company. Looking at the pleading as based upon a cause of action owned by the Drug Company, the appellant could have ascertained by an examination of public records whether the certificate required by law had been filed and could either have presented, or refrained from presenting, his plea in abatement, as the showing of record might allow. He made no such defense, although he filed an answer which raised various other issues. Upon the amended complaint and upon this answer the parties went to trial on the merits. It has been decided in many cases that a judgment will not be reversed on appeal because the trial court has erroneously overruled a demurrer to the complaint on the ground of uncertainty, where the substantial rights of the defendant have not been prejudiced by the ruling and the cause has been tried on the

merits. (*Jager* v. *California Bridge Co.*, 104 Cal. 542, [38 Pac. 413]; *Brown* v. *Ratliff*, 21 Cal. App. 282, [131 Pac. 769].) These authorities, and others which might be cited, control the point now under consideration.

Section 634 of the Code of Civil Procedure provides, "In all cases where the court directs a party to prepare findings, a copy . . . shall be served upon all the parties . . . at least five days before findings shall be signed, . . . and the court shall not sign any findings therein prior to the expiration of such five days." In this case the trial court gave a specific direction to the counsel for plaintiff to prepare the findings; a copy of the proposed findings was served upon counsel for the defendant; but the trial judge signed the findings less than five days after the service.

The appellant contends that it was error, from which a reversal of the judgment must follow, for the judge to have signed the findings within the time limited by the statute. Section 634 was enacted in 1913 in its present form, but the particular question now presented by appellant has never been passed upon by the supreme court or courts of appeal, although it is mentioned in *Hoffman* v. *Guy M. Rush Co.*, 27 Cal. App. 167, [149 Pac. 177]. The section was adopted for the purpose of aiding the courts in the making of proper findings of fact, but for that purpose only. It could have had no higher or greater purpose. All that a party can require or expect, as to this point, in any litigation, is that the court shall make, in his case, a proper set of findings. If findings are insufficient, or are unsupported by evidence, or are defective in any other particular under the law, the injured party will be relieved, on appeal, from the effects of the error thus made manifest. So far his interest goes and no further. Section 634 is directory only. So construed it is a salutary statute. If it were to be construed as mandatory, it would often operate to work injustice. There are many cases in which a delay in the signing of findings would so operate, and perhaps chief among them are cases like the present, cases of forcible or of unlawful detainer. Trial courts are justified in disregarding the direction contained in that part of section 634 which we have quoted, whenever a compliance with it would work injustice to the rights of a litigant.

There are several findings which the appellant assails as not being supported by the evidence, but the contention is groundless as to all such findings.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 28, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 25, 1918.