[S. F. No. 13363. In Bank.—October 17, 1930.]

FRANK MANFRE, Respondent, v. C. B. SHARP, Appellant.

Walter E. Hettman and LaFayette J. Smallpage for Respondent.

SHENK, J.—This is an appeal from a judgment in favor of the plaintiff in the sum of $2,365.50.

The action is one to recover damages for an alleged breach by the seller of a contract for the purchase and sale of flour. It appears that in July, 1924, the defendant, appellant herein, entered into a contract with one Voight for the sale to the latter of a specified quantity of flour, the same to be delivered weekly over a period of time extending into 1925. This contract contemplated the extension of credit to Voight. Voight was then engaged in the bakery business in Stockton under the fictitious name of Snow White Bakery. On October 31, 1924, he sold the bakery business to his foreman, Manfre, the plaintiff and respondent herein, and assigned to Manfre all of his right, title and interest in and to the contract with the defendant. On December 15, 1924, Voight mailed a letter to the defendant which the defendant claims and the court finds was not received by him until December 20, 1924, informing the defendant that he had sold the business to the plaintiff. In this letter Voight stated, among other things, that he would "no longer be responsible for any bills which may be contracted hereafter, and any business done by you will be with Mr. Manfre direct." On December 20, 1924, the defendant replied to this letter acknowledging its receipt, but in no way mentioning that part of the letter dealing with the release of Voight. On December 31, 1924, the defendant wrote to the plaintiff, stating that certain moneys were due and likewise stating that they "must insist upon your living up to the terms of the contract, as booked, and on which you are at the present time in arrears." Finally the defendant refused to deliver more flour unless the plaintiff pay cash therefor, the price of flour having risen considerably in the meantime. As a result the plaintiff purchased flour in the open market and brought this action for the damages thus sustained. It was stipulated at the trial that if the plaintiff was entitled to any damages that sum should be $2,365.50. It was likewise stipulated, or admitted by express statement of counsel and found by the trial court, that neither the plaintiff nor Voight were in

default in taking deliveries or in the making of payments under the contract. The case was tried before the court without a jury.

The defendant contends that the finding to the effect that he gave his consent to the release of Voight and accepted the plaintiff in lieu thereof is not supported by the evidence. If the defendant's contention is correct we would then be presented with the question as to whether the buyer under a contract which involves personal credit may assign the same without the consent of the seller. The defendant contends that it is the law of this state that a buyer may not so assign. We do not find it necessary to decide that point, for the reason that we are of the opinion that the finding involved is supported by the evidence. For that reason, the transaction here presented does not involve the law of assignment of contracts at all, but is a novation—that is, the substitution of one debtor for another and releasing the first. The defendant contends that the contract with Voight was canceled and that no contract was ever entered into with the plaintiff.

As defined by the code, "Novation is the substitution of a new obligation for an existing one." (Civ. Code, sec. 1530.) The same code likewise provides that "Novation is made . . . (2) by the substitution of a new debtor in place of the old one, with intent to release the latter. . . . " (Civ. Code, sec. 1531.) Also it is provided that "Novation is made by contract, and is subject to all the rules concerning contracts in general." (Civ. Code, sec. 1532.) Where a new debtor is substituted for an old one a sufficient consideration for the agreement appears when it is shown that the old debtor was released from his obligation in consideration of the substitution. (20 Cal. Jur., p. 250, sec. 5.) The whole question is one of fact and depends upon all the facts and circumstances of the particular case. In the case at bar the mere assignment by Voight to the plaintiff did not, of course, establish a novation, in the absence of the consent of the creditor, the defendant. The evidence must show an acceptance by the creditor of the substitution. The letter from Voight to the defendant informing him of the assignment and declaring that he would no longer be liable on the contract did not of itself accomplish a novation, but the letter may reasonably

and fairly be interpreted as an offer on the part of Voight to release himself and substitute the plaintiff in his place. This was the conclusion of the trial court. The only remaining question is whether the defendant accepted this offer. This acceptance may be shown to have been made by acts as well as by words. That is, the acceptance may be inferred from conduct. In the case of *Leary* v. *United States,* 224 U. S. 567 [Ann. Cas. 1913D, 1029, 56 L. Ed. 889, 32 Sup. Ct. Rep. 599, see, also, Rose's U. S. Notes], the court found it necessary to determine, before it could grant relief, whether or not an *express* contract had been entered into. Justice Holmes disposed of this point with the statement (224 U. S., p. 575) : "It [the contract] would be none the less express if it was conveyed by acts importing it than if it was stated in words."

The trial court here, after considering all of the acts of the defendant, specifically found that the defendant gave his consent to the release of Voight and accepted the plain-' tiff in lieu thereof. It is true that there is some conflict in the evidence on that point, but such conflict was entirely a matter for the trial court. The letter of December 31st, above mentioned, sent by the defendant to the plaintiff, is capable, reasonably, of the interpretation that the defendant acquiesced in the release of Voight and recognized that the plaintiff had stepped into his shoes. This letter alone would be sufficient to sustain the finding. It would serve no useful purpose to recount the other testimony which likewise tends to uphold the finding. Sufficient it is to say that from all the facts and circumstances the finding of the trial court finds ample support in the evidence.

 The defendant also contends that he was deprived of a fair trial. The principal basis of this contention is that he was served with a copy of the proposed findings on August 24, 1928; that he immediately prepared objections to the proposed findings (which were never presented to the trial court) ; that on August 25, 1928, the trial court signed the findings, of which fact the defendant was notified on August 27, 1928. It is at once obvious that the provisions of section 634 of the Code of Civil Procedure were not complied with. The defendant contends that the failure to comply with this code section is, under the facts of this case, reversible error. The cases do not so hold. It is

clear that the above section was adopted for the purpose of aiding the trial court in making proper findings. If the findings are proper, no reversible error has occurred. If they are improper that will appear on the appeal. (*Amundson* v. *Shafer*, 36 Cal. App. 398, 401 [172 Pac. 173] ; *Sadicoff* v. *Jackson*, 46 Cal. App. 256 [189 Pac. 111].)

We find no merit in any other assignment of error. The judgment is affirmed.

Richards, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.