[Sac. No. 4510. In Bank.—July 27, 1931.]

R. BARCROFT & SONS COMPANY (a Corporation), Respondent, v. NEIL J. CULLEN et al., Defendants; PACIFIC STEEL BUILDING COMPANY (a Corporation), Appellant.

Sherman & Sherman for Appellant.

F. W. Henderson, Julian H. Biddle and Duncan A. McLeon for Respondent.

PRESTON, J.—The motion to dismiss the appeal herein is denied, being without merit for the following reasons:

Plaintiff sued to foreclose a materialman's lien and to have it impressed upon two city lots in Merced, together with the building erected thereon, praying also for the sale of the property to satisfy its claims. The building was a portable steel service station structure furnished by appellant for installation and use as a gas and oil service station. Pending trial of the action appellant corporation removed the structure from the real property and at the trial contended that it was a mere trade fixture, not subject to the lien of plaintiff. The trial court held otherwise and ordered the whole of the property sold, without distinction or preference between the lots and the building.

The court entered its judgment on April 15, 1930. In due time appellant, as well as some of the other defendants, filed a notice of intention to move for a new trial. The court heard and denied said motion but modified the decree, apparently acting under the powers conferred by the recently enacted section 662 of the Code of Civil Procedure. The chief modification in the decree was to order that the building be exposed to sale first and, if sufficient funds were not created thereby to satisfy plaintiff's demand, then that the lots be sold to pay the deficit. In other words, the court modified its decree in a material respect as to appellant and to put this modification into effect made new findings and a new decree, which said decree was entered on August 12, 1930. On September 5, 1930, appellant duly filed its notice of appeal.

The notice was clearly within the time allowed by law. Respondent's theory is that the new judgment was but a correction of clerical misprisions in the old one and hence the appeal should have been taken in time from the original judgment.

Appellant proposes to have reviewed only the judgment entered on August 12th, and if that judgment is a material departure from the original judgment to the prejudice of appellant, it has a plain right of appeal therefrom. It is our view that the new judgment does depart from the old in material respects to the injury of appellant. This is evident from the facts already recited; hence the order above made.

Waste, C. J., Curtis, J., Seawell, J., and Shenk, J., concurred.