[Civ. No. 771. Fourth Appellate District.—March 10, 1932.]

CLARENCE D. HOLLAND, Petitioner, v. THE SUPERIOR
COURT OF FRESNO COUNTY et al., Respondents.

Conley, Conley & Conley for Petitioner.

Lawrence W. Young for Respondents.

MARKS, J.—The petitioner instituted an original proceeding in this court seeking to prohibit the respondent court and judge from taking any further proceedings in the case of *Doolittle* v. *Schaffner et al.*, bearing number 47505 in the records of the county clerk of Fresno County, alleging the respondents had no jurisdiction to enter an order hereinafter set forth. Respondents filed a general demurrer and answer to the petition, both of which have been submitted to this court after argument of counsel and evidence taken. The demurrer is overruled and we will consider the cause upon its merits.

On January 20, 1931, Ivan H. Doolittle filed his action in the respondent court to recover damages against Orville L. Schaffner, Peter Schaffner, Tola Schaffner, and Clarence D. Holland for damages arising out of an automobile accident. The defendants filed their answers and the case was tried by the court without a jury in March, 1931. Findings were made and judgment rendered in favor of the plaintiff and against the defendants Orville L. Schaffner, Peter Schaffner and Tola Schaffner in the sum of $5,000. The court rendered judgment in favor of Clarence D. Holland. The judgment was entered in the judgment-book on the twenty-ninth day of September, 1931, and the defendant Holland gave the plaintiff notice of the entry thereof on the same day. On October 1, 1931, the plaintiff filed his notice of motion to move for new trial against defendant Holland. The motion was argued on November 27, 1931, and submitted to the trial judge and taken under advisement by him on that day. On November 28, 1931, he made an order which appears in the minutes of this court as follows:

"Fresno, Calif. Nov. 28, 1931.
Court convened; Present: Hon. T. R. Thomson, Judge
Louis Manfredo, Deputy Sheriff
E. W. Eiland, Deputy Clerk.
47505 *Ivan H. Doolittle* v. *Orville L. Schaffner et al.*
 "It is ordered that the motion of the defendants Schaff-
ners for a new trial herein be and it is hereby denied. It
is further ordered that the Findings of Fact heretofore
entered are modified under the provisions of Sec. 662 of
the C. C. P. as follows: That the gross negligence of de-
fendant Orville L. Schaffner and the negligence of defend-
ant Clarence D. Holland was the concurrent and proximate
cause of the collision and of the death of Morse Doolittle,
and that plaintiff suffered damages on account thereof as
against all defendants in the sum of $5,000.00.

 "Let the judgment heretofore entered be modified accord-
ingly."

The record before us discloses that the foregoing order
was written out in longhand either by the trial judge or
the attorney for plaintiff or perhaps in part by both; that
this was done on the morning of Saturday, November 28,
1931, in the office of the county clerk in the county court-
house in Fresno County; that there was present beside the
judge and the attorney for plaintiff, the deputy clerk
assigned to the department of the respondent judge; that
the order when written was handed to the deputy clerk by
the judge with instructions to enter the same upon the
minutes of the court and file it in the office of the county
clerk. The order was entered upon the minutes but was not
filed and apparently has been lost. It is not certain
whether or not the order was signed by the respondent
judge.

The petitioner seeks to restrain the respondents from tak-
ing any further proceedings in accordance with the direc-
tions in the foregoing order.

 A writ of prohibition is only issued where an in-
ferior tribunal has acted without or in excess of its juris-
diction. Errors of law are not reviewable on a petition for
a writ of prohibition. (Sec. 1102, Code Civ. Proc.; 21 Cal.
Jur. 579 to 583, and cases cited.)

Two questions are presented upon which our decision in
this case must turn. First, was the order signed by the

respondent judge? Second, was there a session of the respondent court held in the county clerk's office on November 28, 1931, at the time the foregoing order was made?

In discussing these questions we must bear in mind two principles of law that are firmly established in California. The first is that we cannot presume that error was committed by a court of record and that it is incumbent on the petitioner to show affirmatively that the respondent court acted "without or in excess of its jurisdiction". (Sec. 1102, Code Civ. Proc.; *Platner* v. *Vincent*, 194 Cal. 436 [229 Pac. 24]; *Bank of Italy* v. *Bettencourt*, 214 Cal. 568 [7 Pac. (2d) 174].) The second is that in this court all presumptions are in favor of the regularity of the action taken by the respondent court. (Sec. 1963, Code Civ. Proc.; *Scott* v. *Hollywood Park Co.*, 176 Cal. 680 [169 Pac. 379]; *Platner* v. *Vincent, supra; Bank of Italy* v. *Bettencourt, supra.*)

In considering the first of the two questions before us, we find there is no satisfactory evidence in the record that the order was not signed by the respondent judge. He testified as follows: "We went into the back room of the county clerk's office and I summoned the clerk to come there, and he did come there with his minute book. I am not sure whether I completed that order on paper that I had started writing in chambers, or whether the order was worked out by Mr. Young at my dictation right then and there and signed by me, but I do know that the clerk was there and entered the order that was written out at that time in the minutes. Q. And entered it incorrectly in certain particulars? A. One word. Q. And you afterwards made an order changing it to conform to your ideas as to what the order was? A. Yes, sir. Q. Was that order written out in long hand? A. In hand writing. Q. You never directed it to be filed? A. Yes, I told the clerk to file it with the papers. . . . Q. You have no recollection of signing that order? A. I have not any independent recollection of whether I signed it or not. . . . Q. You know of course that the order can't be found? A. I am simply taking your word for it, except that the clerk can't find it. I made no investigation. . . . Mr. Young: Judge, just state again who was present in the clerk's office when this order there was written out by yourself or by myself? A. Mr. E. W.

Eiland. Q. Is he your clerk? A. He is the clerk in department 4 of the Superior Court of this county. You were present, I was present, and some other people were in the room, but I did not notice particularly who they were. Q. After this the order was written either by yourself or by myself, and if I wrote it it was done under your direction? A. Yes, sir. Q. And in your presence? A. Yes, sir, then and there while sitting at the table together. Q. Did you read the order over? A. I did. Q. And you were satisfied that it contained facts that you wanted in it? A. Yes, sir. Q. Did you file it with Mr. Eiland? A. I handed it to him right then and there. Q. And you instructed him to spread it on the minutes? A. Yes, sir. Q. Which was done? A. Yes, with the exception of one word in which he made a mistake. Q. Judge, do you know whether you signed that order? A. I believe I signed it, but I have no independent recollection, my belief is based on my custom.''

In determining the second question, namely, of whether or not a session of the respondent court was held at the time of making the order, it should be remembered that the minutes of the court recite that there was such a session. Petitioner points out that there were no formalities used in opening the court, if it was ever opened. It is a custom in some courts of this state to have the bailiff, acting as a crier, announce the presence of the judge and declare the court in session. This is not a universal custom and we cannot conclude that the failure to observe it can have any effect upon the legality of a session of the superior court. As the records of the respondent court recite that a session of the court was held at the time in question, and this is impeached only by the place where the session was held, the one question left for us to consider is whether or not the court could convene in a room in the courthouse other than the courtroom in which its sessions were usually held. It is practically conceded by both parties, and we think correctly so, that had the order in question been announced by the respondent judge from his place on the bench in his courtroom it could not be successfully argued that it was not made during a session of court.

Superior courts are required by law to hold their sessions at the county seats of their respective counties. (Sec. 73, Code Civ. Proc.) Provision is also made for the holding of

court in other places when made necessary by any of the calamities specified in section 142 of the Code of Civil Procedure.

The weight of authority in California which receives support in other jurisdictions seems to support the conclusion that if it be assumed that it is error for a court to hold its session at a place other than in its courtroom, the error, if any, is one of law to be reached only on direct attack and not one resulting from a lack of jurisdiction or an act in excess of jurisdiction that can be successfully attacked collaterally.

Authorities from other jurisdictions are collected and cited in 43 American Law Reports at page 1516 et seq. It is there stated (pp. 1525, 1526) that "the conduct of a trial or the examination of witnesses in a room other than the court room, but in the same building, is generally held not to affect the validity of the proceedings".

In the case of *Block* v. *Kearney*, 6 Cal. Unrep. 660 [64 Pac. 267, 268], it is said: "The judgment purports to have been rendered in open court; but it is stated in the affidavit of plaintiff's counsel, in the bill of exceptions, that it was in fact rendered in the judge's chambers, adjoining the courtroom, the door being open between the rooms. I do not think, however, that the judgment can be attacked in this way. Nor is there any reason why the court may not hold its sessions, when it has been so ordered, in any room of the courthouse, or elsewhere, provided it conforms to the requirements of the law: Code Civ. Proc., secs. 73, 142, 144."

*Block* v. *Kearney* was cited with approval in the case of *People* v. *Pompa,* 192 Cal. 412 [221 Pac. 198, 202], where it is said: "The appellant next contends that the trial court in its direction for the view of the premises and in its instruction to the selected shower as to the specific duties he was to perform limited the proceedings during such view strictly to an inspection of the premises during the course of which no testimony of any kind was to be taken; but that during said proceedings and while upon said premises these limitations were transgressed and considerable important evidence was presented to the jury out of court. It is true that at the outset of said proceedings the trial court did attempt to restrict them to certain specific limits embodied

in its instructions to the shower selected by it; and it is also true that when the court, the jury, the defendant, the shower, together with the court attaches and the counsel for the respective parties, reached the premises to be thus viewed the procedure there was much broader than its earlier limitations imposed by the court and that considerable testimony was taken and evidence received by the jury upon the scene of the alleged crime. But the record expressly discloses that during the entire proceedings attending and embracing the view of the premises the court in its completeness, including the judge, the clerk, the bailiff, the reporter, the interpreter, the jury, the defendant and the respective counsel, was at all times present, the only element absent being the walls and fittings of the courtroom wherein the court is usually convened. There is no special sacredness in the atmosphere of a courthouse or the walls or furnishings of a courtroom which requires that sessions of the court shall be held there and not elsewhere, if otherwise the forms of law governing the trial of causes are observed, which appears to have been done, though with some absence of formality, in the instant case.''

The reasoning in the case of *Hamblin* v. *Superior Court*, 195 Cal. 364 [43 A. L. R. 1509, 233 Pac. 337, 339], is of considerable assistance to us. In a contempt proceeding, the court was considering the validity of an interlocutory decree of divorce rendered by a department of the Superior Court of Los Angeles County sitting in the city of Long Beach under the authority of an unconstitutional statute. In its opinion the Supreme Court said: ''It is to be noted that in the case here under consideration, the only thing that was done by the court at an unauthorized place was the hearing of testimony. The complaint was duly filed at the clerk's office at the county seat. The summons was issued therefrom, was personally served, and was returned with proof of service thereto and filed therein. The default of the defendant was duly entered and noted by the clerk at his office at the county seat. The case was set for hearing by the presiding judge sitting at the county seat and by him assigned to the department sitting at Long Beach. The decision, consisting of the findings, conclusions, and judgment, signed by the judge, was filed in the clerk's office at the county seat and there entered in the judgment rec-

ord. The only defect in the proceeding, therefore, consists in the taking of evidence at an unauthorized place. While this constitutes error redressible by means of a direct attack by motion or appeal, it is not usually regarded as rendering the proceedings absolutely void so as to be vulnerable to a collateral attack. . . . This court in its early decisions applied with great strictness the rule which requires the concurrence of the elements of time, place, and judicial officers to render valid a judgment or order which under the law could only be made by the court. . . . It may be that the strictness with which the rule was applied in those early cases was one of the considerations which moved the framers of the Constitution of 1879 to abolish terms of court and to provide that the superior court 'shall always be open (legal holidays and nonjudicial days excepted) . . . ' (art. VI, sec. 5). However this may be, the strictness of the early rule was abrogated and the early cases above cited (though not mentioned therein) were in effect overruled in 1872 in the case of *Ex parte Bennett,* 44 Cal. 84. This case is very nearly on all-fours with the case at bar. It also involved a contempt proceeding, the object of which was the enforcement of a decree of divorce. It, however, was not a default case, but one in which an answer had been filed raising issues of fact. By consent of the parties it was set for hearing before the judge at chambers in vacation between terms of court and was so heard and decided, and judgment was rendered in vacation and entered *nunc pro tunc* as of the preceding term of court. There, as here, the defendant having failed to make the payments provided for in the decree, was cited in a contempt proceeding, and there made the point that the judgment, being based upon a trial had at a time and at a place not authorized by law, was void. The contention was rejected by this court and the following language from the opinion is especially pertinent to the present situation: 'The principal objection made for the petitioner, as we understand it, is that the case was *tried* at chambers, and not in open court; and it is said that there is no authority to try a cause except in open court. But even if this be so, we do not see that it would follow that a judgment rendered in a cause which had been tried at chambers would for that reason necessarily be void in the absolute sense. The District Court in Sonoma unquestion-

ably had jurisdiction of the subject matter and of the parties litigant. Had the court itself rendered the judgment in question in open session at a regular term, without trial, without proof, and even without submission of the cause for decision, such judgment, however erroneous, would not be held void upon a mere collateral attack. To maintain that it would, would be to ignore the obvious distinction between a total want of authority upon the one hand, and the erroneous exercise of conceded authority upon the other. . . . The hearing of proofs, the argument of counsel—in other words, the trial had, or the absence of any or all of these—neither confer jurisdiction in the first instance, nor take it away after it has once fully attached.' The cases of *Johnston* v. *San Francisco Sav. Union*, 75 Cal. 134, 139 [7 Am. St. Rep. 129, 16 Pac. 753], *Beaulieu Vineyard Co.* v. *Superior Court*, 6 Cal. App. 242, 248, 250 [91 Pac. 1015], *Dahlgren* v. *Superior Court*, 8 Cal. App. 622, 626 [97 Pac. 681], *People* v. *Maljan*, 34 Cal. App. 384 [167 Pac. 547], and *McGrath* v. *Langford*, 35 Cal. App. 215 [169 Pac. 424], also lend support to the conclusions there reached. The case last cited is quite in point here. In that case a demurrer to the complaint filed in the justice's court was set for hearing at 3 o'clock P. M. on a Saturday, which was a nonjudicial day (Code Civ. Proc., secs. 10, 133, 134). The demurrer was heard and overruled at that time in the absence of the defendant. It was held that this action was erroneous but not void, and that the judgment based thereon was invulnerable upon collateral attack."

We have reached the conclusion that if the action of the trial court in holding its "session" on November 28, 1931, was error (which we do not hold), it was one of law which cannot be reached in these proceedings. If error, it must be attacked directly upon appeal.

■ Petitioner seriously urges that, under the provisions of section 662 of the Code of Civil Procedure as it now reads, while the trial court may have the authority to amend its findings and judgment where a motion for a new trial is made, the amended findings and judgment must be reduced to writing, signed by the judge and filed with the clerk within the sixty-day period provided by law. While we express no opinion on the question of whether or not it correctly states the law as it now exists, we are met by

strong reasons why we cannot adopt this argument of counsel.

Section 660 of the Code of Civil Procedure contains the following: ''The power of the court to pass on motion for a new trial shall expire sixty (60) days from and after service on the moving party of written notice of the entry of the judgment, or if such notice had not theretofore been served, then sixty (60) days after filing of the notice of intention to move for new trial. If such motion is not determined within said sixty (60) days, the effect shall be a denial of the motion without further order of the court.'' A motion for new trial, if not expressly granted or denied within the sixty-day period, is denied by operation of law.

The findings and judgment of the court below, as originally made, are not before us. We cannot determine whether or not the findings, if amended by the order of November 28, 1931, would support a judgment against the petitioner here. As we have observed, there is no evidence in the record that the order was not in fact signed by the respondent judge.

From the language of section 662 of the Code of Civil Procedure it is apparent that the legislature contemplated that at least an amended judgment might be filed after the sixty-day period. Certainly the trial judge would have the entire sixty days within which to make any of the various rulings contemplated by this section, the last sentence of which provides as follows: ''Any judgment thereafter entered shall be subject to the provisions of sections 657 and 659 of this code.'' The word ''thereafter'' thus used must refer to a time *after* the order be made. If the trial judge has sixty days within which to make such an order it is evident that he may ''thereafter'' sign and file an amended judgment.

An appeal lies from a new or an amended judgment. (Sec. 963, Code Civ. Proc.; *Barcroft & Sons Co.* v. *Cullen,* 213 Cal. 208 [2 Pac. (2d) 353].) Petitioner may, therefore, have the order and judgment reviewed on appeal and has a remedy in the ordinary course of law. The issues here presented are questions of law to be decided upon appeal rather than questions of jurisdiction that can be reached by prohibition.

We have not considered the effect of the recent amendments to section 166 of the Code of Civil Procedure, argued at length by counsel, as we do not think them controlling.

The petition for the writ of prohibition is denied and the alternative writ is discharged.

Barnard, P. J., and Jennings, J., concurred.