[Civ. No. 7131. Second Appellate District, Division One.—March 23, 1932.]

A. R. HERON, Respondent, v. R. R. BRAY, Appellant.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Appellant.

James E. Mahon for Respondent.

YORK, J.—This is an action to recover on three promissory notes executed by defendant. The answer alleged that the third note was given in full payment and discharge of the first note, and that the second and third notes had been fully paid, and set up as an affirmative defense the fact of payment by defendant of the sum of $2,200 to one Kellogg, the original payee of the notes, which (defendant alleged) was accepted by plaintiff in full settlement, satisfaction and discharge of the causes of action sued upon.

Upon trial of the cause, the court found against the defendant upon all issues, except that the court gave to defendant credit for said sum of $2,200 as a payment on account. The original findings referring to this payment are:

"V.

"The court further finds that during the month of December, 1928, the defendant paid to the plaintiff herein the sum of $2,200.00 to apply upon the notes sued on in this action, and that defendant is entitled to a credit in the amount of $2,200.00, together with interest from the 20th day of December, 1928, at the rate of seven (7%) per cent per annum to the 22nd day of July, 1929.

"VI.

"The court further finds that during the month of December, 1928, the defendant paid to plaintiff, by then and there

paying to F. R. Kellogg, the sum of $2,200.00; but the court finds that the payment was not made by defendant and/or accepted by plaintiff as full settlement, satisfaction and/or discharge of the causes of action sued for herein. . . . and the court further finds that the said sum of $2,200.00 was paid upon account of the said notes and not in full payment, accord and satisfaction thereof.''

On July 31, 1929, after the filing of said findings, judgment was entered, and on August 26, 1929, after due notice given, defendant's motion for a new trial was heard and submitted. On September 24, 1929, an order was made and entered, ordering, adjudging and decreeing that paragraph V of the findings be amended to read as follows:

''The court further finds that on the 20th day of December, 1928, the defendant paid to F. R. Kellogg for the benefit of the plaintiff herein the sum of $2,200.00 to apply upon the notes sued on in this action, and that defendant is entitled to a credit in the amount of $2,200.00, together with interest from the 20th day of December, 1928, at the rate of seven (7%) per cent per annum to the 22nd day of July, 1929.''

Said order also decreed that paragraph VI of the findings be amended to read as follows:

''The court further finds that during the month of December, 1928, the defendant paid to plaintiff, by then and there paying to F. R. Kellogg, the sum of $2,200.00, as in paragraph V hereinbefore set forth; but the court finds that the payment was not made by defendant and/or accepted by plaintiff as full settlement, satisfaction and/or discharge of the causes of action sued for herein. . . . and the court further finds that the said sum of $2,200.00 was paid upon account of the said notes and not in full payment, accord and satisfaction thereof.'' The motion for new trial was denied.

On September 20, 1929, defendant appealed from the judgment of July 31st, and on September 26th, filed another notice of appeal from the judgment of July 31st and also from the order of September 24th, ''attempting and purporting to change and modify and add to the findings of fact of the court heretofore entered herein''.

Appellant now maintains that the court erred in assuming jurisdiction to modify and change the findings of fact upon

which the judgment was made and entered on July 31, 1929; and that the conclusions of law are contrary to and not supported by the findings of fact in this, to wit: "It was found as a fact that defendant paid plaintiff the sum of $2,200.00 on the 20th day of December, 1928, in paragraph V of said findings; and it is found as a fact, in paragraph VI of said findings, that defendant made another payment of $2,200.00 to plaintiff by then and there paying the same to F. R. Kellogg, whereas the conclusions of law give defendant credit for only one payment of $2,200.00."

In his brief appellant makes the statement that the questions of law involved in this appeal may be reduced to two: "First, did section 662 of the Code of Civil Procedure which was added to that code by the legislature of 1929 and became effective August 14, 1929, confer jurisdiction on the court passing on a motion for a new trial to amend the findings of fact in a case, in which the judgment had been entered prior to said 14th day of August, 1929, and from which an appeal had been taken prior to the time the court made its order making amendments ostensibly pursuant to said section? Second, are the findings of fact in the instant case in their original form sufficient to support a judgment against appellant?"

■ Nowhere, in the pleadings filed in this case, did the defendant claim that he had made two payments of $2,200 each; his affirmative defense was to the effect that during the month of December, 1928, he paid $2,200 to F. R. Kellogg, in cash, which said sum was paid by him and accepted by plaintiff as full settlement, satisfaction and discharge of the causes of action herein sued upon. It is true that the findings as originally drawn were somewhat ambiguous, in that paragraphs V and VI both made reference to the payment of $2,200, but we are convinced that no harm resulted to the appellant when the findings were corrected in order to give true expression to the decision of the court and made to conform to the pleadings. The correction, as made, conforms to an admission made by defendant's attorney at the argument on motion for new trial, that he did not contend that more than one $2,200 payment was made.

■ We are of the opinion that the trial court, at the time when it passed on the motion for a new trial, had

jurisdiction to make the correction in the findings, and that authority therefor was conferred by section 662 of the Code of Civil Procedure which became effective August 14, 1929. When a new statute deals with procedure only, it applies to all actions—those which are pending, and future actions. (25 R. C. L., p. 791, sec. 38.)

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.