[S. F. No. 15692.   In Bank.—October 30, 1936.]

EVELYN MARIQUITA TREAT, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Nat Schmulowitz, George B. Harris, P. J. Murphy, Gavin McNab, Schmulowitz, Aikins & Brune for Petitioner.

August L. Fourtner for Respondent.

CURTIS, J.—This is an application by the petitioner, Evelyn Mariquita Treat, for a writ of *certiorari* seeking to annul, vacate and set aside an order made and entered in the Superior Court of the City and County of San Francisco, granting a motion to vacate the findings and judgment in two separate actions which had been consolidated and tried by said court. These actions had been instituted by Valentine Treat, as plaintiff, against his wife, petitioner herein,

one for divorce, and the other to establish a trust upon certain real and personal property held by her. On May 21, 1935, so the petitioner sets forth, the judge who heard the case, Honorable Thomas F. Graham, now deceased, made and entered his decision in favor of the defendant. upon her cross-complaint, and an order to that effect was entered in the official records of the court. Thereafter on June 25, 1935, said judge signed the findings of fact and conclusions of law and judgment in the consolidated cases in favor of petitioner, granting to her an interlocutory decree of divorce, custody of the minor child of the parties, a certain amount for the minor's support to be paid monthly by the plaintiff, and quieting title to the real and personal property involved in the suits. Said judgment was recorded on June 27, 1935, in the official records of said superior court. Thereupon, on July 8, 1935, plaintiff served and filed notice of his intention to move for a new trial, and also a motion to vacate the judgment and findings of facts and conclusions of law upon the ground as set forth in said motion, that, ''No copy of the said. proposed Findings of Fact and Conclusions of Law, and Judgment were ever served upon, or exhibited to the plaintiff, or his counsel, prior to June 28th, 1935.'' On August 26th the motion to vacate the findings and judgment was heard by the late Thomas F. Graham who granted the motion to vacate the findings and judgment. The following minute order or entry was then made and entered in the records of said court: ''In this action, it is ordered by the court that the motion to vacate the findings and judgment be and the same is hereby granted.'' It is this order which petitioner here seeks to have annulled.

Petitioner argues that the trial court in granting said motion to vacate and set aside the findings and judgment in said actions acted without and in excess of its jurisdiction and, therefore, the minute order just quoted is void and may be vacated and annulled on *certiorari*. There is no question that if the trial court had not the power to vacate and set aside its original findings and judgment, the order purporting to do so may be annulled on *certiorari*. (*Stanton* v. *Superior Court*, 202 Cal. 478 [261 Pac. 1001]; see, also, *Langton* v. *Superior Court*, 5 Cal. (2d) 694 [55 Pac. (2d) 1170].) In *Stanton* v. *Su-*

*perior Court, supra,* the court said: "To require review to be by appeal of every unauthorized order or judgment attacking the proceedings by which the regular judgment was given and made would necessarily embarrass, if not destroy, the efficiency of our whole legal system."

The sole question, therefore, presented is whether or not the minute order complained of, as made and entered, was beyond the power of the trial court to make. Section 634 of the Code of Civil Procedure provides that: "In all cases where the court directs a party to prepare findings, a copy of said proposed findings shall be served upon all the parties to the action at least five days before findings shall be signed by the court, and the court shall not sign any findings therein prior to the expiration of such five days." However, this section has on numerous occasions been held to be merely directory and not mandatory. (*Amundson* v. *Shafer,* 36 Cal. App. 389 [172 Pac. 173]; *Hammond Lumber Co.* v. *Henry,* 87 Cal. App. 231 [261 Pac. 1027]; *Citizens National Trust & Sav. Bank* v. *Meserve,* 139 Cal. App. 89 [33 Pac. (2d) 73, 34 Pac. (2d) 730]; *Manfre* v. *Sharp,* 210 Cal. 479 [292 Pac. 465]; *Lorraine* v. *McComb,* 220 Cal. 753 [32 Pac. (2d) 960].) And nowhere in the statutes is the failure of a party to serve the opposite party with a copy of the proposed findings of fact and conclusions of law specified as a ground for setting aside or vacating a judgment.

There are two possible sources of authority for making the order upon which the trial court could have relied. One such source is the express statutory authority conferred upon the court by the provisions of section 662 of the Code of Civil Procedure, which is to be exercised in conjunction with, and as a part of, the court's duty to rule upon a motion for a new trial. Said section reads as follows: "In ruling on such motion [motion for a new trial], in a cause tried without a jury, the court may, on such terms as may be just, change or add to the findings, modify the judgment, in whole or in part, vacate the judgment in whole or in part, and grant a new trial on all or part of the issues, or, *in lieu of granting a new trial may vacate and set aside the findings and judgment and reopen the case for further proceedings* and the introduction of additional evidence with the same effect as if the case had been reopened

after the submission thereof and before findings had been filed or judgment rendered.'' (Italics ours.) The other source of authority, which might have been relied upon by the trial court as a basis for the order of annulment, is the inherent power of the court, independent of statutory provisions, to correct mistakes in its proceedings and to annul within a reasonable time orders and judgments prematurely, inadvertently, or improvidently made by the court. (*Wiggin* v. *Superior Court*, 68 Cal. 398 [9 Pac. 646], *Robson* v. *Superior Court*, 171 Cal. 588 [154 Pac. 8], *Harris* v. *Minnesota Investment Co.*, 89 Cal. App. 396 [265 Pac. 306], *Burbank* v. *Continental Life Ins. Co.*, 2 Cal. App. (2d) 664 [38 Pac. (2d) 451], and *Watkins* v. *McCartney*, 70 Cal. App. 137 [232 Pac. 982]. See Freeman on Judgments, vol. 1, p. 432.)

It follows that if the trial court had in fact proceeded under the power conferred by said section 662 of the Code of Civil Procedure in the making of the order complained of, the making of such order would have been within the power of the court, and such order could not be successfully attacked. (*Spier* v. *Lang*, 4 Cal. (2d) 711 [53 Pac. (2d) 138]; *Ingram* v. *Wessendorf*, 14 Cal. App. (2d) 16 [57 Pac. (2d) 989]; *Barcroft & Sons Co.* v. *Cullen*, 213 Cal. 208 [2 Pac. (2d) 353]; *Moore* v. *Levy*, 128 Cal. App. 687 [18 Pac. (2d) 362]; *Heron* v. *Bray*, 122 Cal. App. 79 [9 Pac. (2d) 513]; *Holland* v. *Superior Court*, 121 Cal. App. 523 [9 Pac. (2d) 531].) Or if the order granting the motion to set aside and vacate the original findings of fact and conclusions of law and judgment had been based upon the fact that said findings of fact and conclusions of law and judgment had been signed prematurely or improvidently, or under the mistaken belief of the trial judge that they had been served on the opposite party, said order would have been within the power of the trial court to make and would be sustained as a proper and valid order.

Respondent advances no claim or contention that the original findings and judgment were prematurely or improvidently made. The motion to vacate and set aside said findings and judgment states that it is made upon the ground that no copy of said findings of fact and conclusions of law and judgment had ever been served on the opposite party or his counsel prior to the time they were

signed by the trial court. The minute order, as made and entered, merely states that the motion was granted, and contains no language specifying that the motion was granted by reason of the fact that the original findings of fact and judgment were signed inadvertently or under the mistaken belief that they had been served upon the opposite party. We are of the opinion that if the trial court in fact based its order of annulment upon such ground, it should have so specified in the order granting the motion to vacate, and that in the absence of any such statement, the action of the trial court cannot be upheld on such a hypothesis.

██ Respondent relies solely for justification of the order complained of upon the ground that a motion for a new trial was served and filed at the same time the motion to vacate and set aside the findings and judgment, and claims, therefore, that the court in making said order was in fact acting in pursuance of the power conferred by section 662 of the Code of Civil Procedure. The power to alter, modify, or set aside findings and judgments is to be exercised only in conjunction with a ruling upon the motion for a new trial. The language of the statute and the authorities construing said section seem to indicate that some ruling upon said motion for a new trial is prerequisite to an exercise of the power conferred to change or vacate the findings or judgment. There is nothing before us to indicate that any action upon the motion for a new trial was ever taken by the trial court. Petitioner states that the notation on motion for a new trial shows a line drawn through it in ink. If this be true, it would further indicate that no action was taken upon the motion for a new trial by the trial court. In any event, there is nothing before us to show that any action whatever was taken upon said motion for a new trial. The mere fact that a motion for a new trial was made in the consolidated actions is not sufficient to justify a conclusion that the order of annulment was made in conjunction with any ruling upon the motion for a new trial.

The order purporting to grant the motion to vacate and set aside the original findings of fact and judgment is annulled.

Shenk, J., Thompson, J., Langdon, J., and Waste, C. J., concurred.

SEAWELL, J., Dissenting.—I dissent. The majority opinion concedes that, independently of the provisions of section 662 of the Code of Civil Procedure, the trial court possesses the inherent power to set aside its findings, conclusions and judgment in a case where it is shown that they were signed under the mistaken belief that they had been served on the opposite party. The motion in the present case was based on the sole ground that a copy of the findings, conclusions and judgment had not been served. The motion having been granted, that must have been the reason for its granting. It is the only reasonable and logical conclusion that can be reached. That conclusion is directly responsive to the grounds of the motion. It plainly indicates that the signing by the judge was obtained under a mistake of fact. The only element lacking is that the trial judge did not expressly find that he had signed the findings and conclusions and judgment in the mistaken belief that they had been served on the opposite party. The statute requires that they be so served. It is true that the statute is directory only, but that does not mean that in signing the findings the trial judge cannot assume that the provisions of the statute were followed. Keeping in mind the presumptions in favor of the trial court's actions, I think the burden is on petitioner to show irregularity and not on the respondent to justify the trial court's actions.