[Civ. No. 2720.   Second Appellate District, Division One.—February
21, 1920.]

## HARRY G. SADICOFF, a Minor etc., Respondent, v. C. E. JACKSON, Appellant.

[1] FINDINGS — TIME OF SIGNING — SECTION 634, CODE OF CIVIL PRO-
CEDURE, DIRECTORY.—The provision of section 634 of the Code of
Civil Procedure that where the court directs a party to prepare
findings, the same shall not be signed prior to the expiration of
five days from the date of service of a copy of the proposed find-
ings on the adverse party, is merely directory; and the signature
of findings within less than five days after the service of the pro-
posed findings on the adverse party will not impair the validity
of the judgment.

APPEAL from a judgment of the Superior Court of
Orange County. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

Cleveland Schultz for Appellant.

Morton & Thompson, Harold C. Morton and Fred Horo-
witz for Respondent.

CONREY, P. J.—Defendant appeals from a judgment for
$389.02, damages for wrongful conversion of personal prop-
erty of the plaintiff. We have before us the judgment-roll,
without any bill of exceptions.

[1] No attempt is made by appellant to present any point
on the merits of the case. He merely suggests that the find-
ings of fact were served on his attorney on February 20, 1918,
and were signed and filed on the 25th of that month, which
he says was one day before expiration of the period of time
prescribed by section 634 of the Code of Civil Procedure,
and, therefore, claims that the judgment is "void."

The cited code section is merely directory, and even if it
appeared by the record (in fact it does not so appear) that
the findings had been prepared by a party under an order
directing him so to do, and findings were signed less than
five days after proposed findings were served on defendant,

the validity of the judgment would not be impaired thereby. (*Amundson* v. *Shafer,* 36 Cal. App. 398, [172 Pac. 173].)

The point presented by appellant is truly mathematical, since it has no dimensions. It is plain that the appeal has been taken for purposes of delay. Therefore, it is ordered that the judgment be affirmed, and that the plaintiff recover from defendant, besides costs, the additional sum of fifty dollars damages.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 15, 1920.

All the Justices concurred.