[No. B022361. Second Dist., Div. Seven. Feb. 8, 1988.]

Estate of ARTHUR N. FISHER, Deceased.
SHARI FISHER et al., Petitioners and Appellants, v.
ANN BERNSTEIN, Claimant and Respondent.

**COUNSEL**

Barbara J. Bailey for Petitioners and Appellants.

Biele & Lapinski and Maita Deal Prout for Claimant and Respondent.

**OPINION**

**JOHNSON, J.—**

### FACTS AND PROCEEDINGS BELOW

This is an appeal from a judgment determining the right to funds in a savings account. The following facts are undisputed: Arthur N. Fisher was the father of Shari Lynn and Dani Yale Fisher. He was the son of Ann Bernstein. In 1982, Mr. Fisher opened a savings account at a savings and loan association. The account bore the name "Arthur N. Fisher or Ann Bernstein as Trustees for Shari Lynn Fisher and Dani Yale Fisher . . . ." Mr. Fisher signed the account card; Ms. Bernstein did not. The account card lists eight possible categories of account with a check box next to the category. The categories include "individual," "joint," "trustee" and "joint trustee." On the back of the account card are printed declarations corresponding with the categories on the front. The declaration for individual trustee and joint trustee accounts reads as follows:

### "INDIVIDUAL TRUSTEE AND JOINT TRUSTEE ACCOUNT

"Account holder(s) declare(s) that this account is held by the account holder(s) in trust for the beneficiary(ies) designated on the face hereof reserving the right to account holder (or if more than one to each account

holder) to revoke such trust in whole or in part at any time or times by executing or delivering to the Association a request for withdrawal of the whole or part to which such request relates. Upon death of account holder (or if more than one account holder, upon the death of the last survivor thereof) the Association shall pay this account to the beneficiary if then living (if more than one person be designated as beneficiary equally to those designees then living) but if no beneficiary is then living the Association shall pay this account to the estate of the account holder (or if more than one account holder, to the estate of the last survivor.)" The declaration for joint tenancy account reads as follows:

### "JOINT TENANCY ACCOUNT

"Account holders declare that our interest in the account is as joint tenants with right of survivorship and not as tenants in common and not as tenants by the entirety. It is agreed that any funds placed in or added to the account by any one of the parties are and shall be the property of the joint tenancy." At the bottom on the front side of the account card the following statement is printed: "My signature on this card is evidence that I have read and agree to the terms and conditions contained in the Disclosure Statement or what appears on this signature card." (A copy of the account card is included as an appendix to this opinion.)

There was in excess of $200,000 in the account at the time of Mr. Fisher's death in 1984. Following his death, Ms. Bernstein attempted to withdraw all the funds in the account but the bank refused to allow her to do so. She did not have the passbook and her signature did not match the signature "Ann Bernstein" on the account card.

The Fisher children filed a petition for an order determining title to property (Prob. Code, § 851.5) in order to settle the question of entitlement to the funds in the savings account. Ms. Bernstein responded and moved for summary judgment on the ground the account card established as a matter of law she was entitled to the funds in the account either as surviving joint trustee of a trust account, surviving joint tenant or third party beneficiary. The children opposed the motion on the grounds it was undisputed Ms. Bernstein did not sign the account card and their father's will evidenced his intent the funds go to them, not Ms. Bernstein.

The trial court determined there were no triable issues as to any material fact and concluded as a matter of law: (1) the account card referred to above established the account in question; (2) there is no requirement Ms. Bernstein have signed the card; (3) Ms. Bernstein is the surviving joint tenant and the surviving joint trustee of the account; and, even if she were

not, she would be a third party beneficiary entitled to enforce the terms of the account. The court entered judgment accordingly and the children appeal from the judgment.

For the reasons set forth below, we have determined there are triable issues of material fact and, therefore, the trial court erred in granting Ms. Bernstein's motion for summary judgment.

## DISCUSSION

### I. IT IS IMPROPER TO GRANT A MOTION FOR SUMMARY JUDGMENT WHEN TRIABLE ISSUES OF FACT EXIST.

The matter to be determined by the trial court on a motion for summary judgment is whether facts have been presented which give rise to a triable issue. The court many not pass upon the issue itself. (*Empire West v. Southern California Gas Co.* (1974) 12 Cal.3d 805, 808 [117 Cal.Rptr. 423, 528 P.2d 31, A.L.R.4th 2713].) " ' " "Summary judgment is proper only if the affidavits [or documents] in support of the moving party would be sufficient to sustain a judgment in [her] favor . . . .' " Where, as here, the moving party is [the] defendant [s]he must either negate a necessary element of the plaintiff's case or state a complete defense.' " (*Parsons Manufacturing Corp.* v. *Superior Court* (1984) 156 Cal.App.3d 1151, 1157 [203 Cal.Rptr. 419]. (Citations omitted.)

In her motion for summary judgment Ms. Bernstein relied exclusively on the account card. But, this is not a case where "the document speaks for itself." This is a case where the document is silent as to what type of account Mr. Fisher intended to open and how he intended the funds be disbursed upon his death.

In opposition to the motion for summary judgment, the Fisher childen rely on Mr. Fisher's will which provides among other things, "All savings accounts are in trust for one or more of my daughters, or shared by them. . . . [¶] Those accounts are to go entirely to those individuals named."

An examination of the account card and the will demonstrates a critical issue of material fact exists: what was Mr. Fisher's intent with respect to the savings account subject of the litigation?

## II. THERE ARE ISSUES OF FACT WHICH MUST BE TRIED BEFORE IT CAN BE DETERMINED WHO IS ENTITLED TO THE SAVINGS ACCOUNT FUNDS.

### A. *The Undisputed Facts Do Not Establish as a Matter of Law Ms. Bernstein Is the Surviving Joint Trustee of a Totten Trust.*

#### 1. *The terms and conditions of a Totten Trust.*

■ The term Totten trust describes a bank account opened by a depositor in his own name as trustee for another person where the depositor reserves the power to withdraw the funds during his lifetime. If the depositor has not revoked the trust then, upon his death, any balance left in the account is payable to the beneficiary. (See generally 7 Witkin, Summary of Cal. Law (8th ed. 1974) pp. 5379-5382; Estes, *In Search of a Less Tentative Totten* (1977) 5 Pepperdine L.Rev. 21, 22.) The name derives from the case of *In re Totten* (1904) 179 N.Y. 112 [71 N.E. 748] in which the court stated the rule subsequently followed in most jurisdictions.

"A deposit by one person of his own money in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the passbook or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor." (*Id.* at p. 752.)

The principles of a Totten trust[1] are described in the Restatement Second of Trusts, section 58: "Where a person makes a deposit in a savings account in a bank or other savings organization in his own name as trustee for another person intending to reserve a power to withdraw the whole or any part of the deposit at any time during his lifetime and to use as his own whatever he may withdraw, or otherwise to revoke the trust, the intended trust is enforceable by the beneficiary upon the death of the depositor as to any part remaining on deposit on his death if he has not revoked the trust."

Totten trusts in savings and loan accounts are recognized by statute in California. (See former Fin. Code, § 7606, new § 6852.)

A Totten trust, like any other trust, requires a trustor, a trustee (in a Totten trust they use the same person), a trust res, a beneficiary, and a trust

---

[1] Such a trust is sometimes referred to as a "tentative trust" or a "savings bank trust."

intent. (*Kosloskye* v. *Cis* (1945) 70 Cal.App.2d 174, 178-179 [160 P.2d 565]; *Brucks* v. *Home Federal S. & L. Assn.* (1951) 36 Cal.2d 845, 850-851 [228 P.2d 545]; *Estate of Collins* (1978) 84 Cal.App.3d 928, 932-933 [149 Cal.Rptr. 65]; and see *Estes, supra,* 5 Pepperdine L.Rev. at p. 30.)

2. *Triable issues of fact exist as to whether Ms. Bernstein is the surviving joint trustee of a Totten trust.*

■    In order to obtain a summary judgment, the moving party must submit declarations or other evidence sufficient to establish each element necessary to sustain a judgment in her favor. Unless she does, summary judgment should be denied, even if the opposing party files no declarations whatsoever. (*Baldwin* v. *State of California* (1972) 6 Cal.3d 424, 439 [491 P.2d 1121]; Code Civ. Proc., § 437c, subd. (b).)

■    Ms. Bernstein relies exclusively on the account card to establish her claim to being a joint trustee of a Totten trust. The account card does not establish the elements necessary to find she is a joint trustee of a Totten Trust.

(a) *No showing of intent to create a trust.*

A trust is created only if the settlor properly manifests an intention to create one. (Former Civ. Code, § 2221, subd. 1, now Prob. Code, § 15201.) In the case of Totten trusts "[t]he determinative consideration is the intent of the settlor and 'this is a question of fact for the trier of facts.' " (*Brucks* v. *Home Federal S. & L. Assn., supra,* 36 Cal.2d at p. 850; see also Rest.2d Trusts, § 58 quoted *ante.*)

The account card is not evidence of Ms. Bernstein's intent to create a Totten trust because she admits she never signed the card. Therefore, she did not subscribe to the declaration of trust intent printed on the back of the account card.

Ms. Bernstein contends her attempt to withdraw the funds from the account constituted a ratification of her signature on the account card. (See Civ. Code, §§ 1588-1589; *Kadota Fig Assn.* v. *Case-Swayne Co.* (1946) 73 Cal.App.2d 815, 819 [167 P.2d 523].) The attempted ratification came too late because by then Mr. Fisher was dead. If he died the sole trustor of a Totten trust, then any sums on deposit belong to the persons named as beneficiaries. *(In re Totten, supra,* 71 N.E. at p. 752; Rest.2d Trusts, § 58; former Fin. Code, § 7606, now § 6852.) Ms. Bernstein's attempt to become a joint trustor/trustee of the trust after title to the trust funds had passed to the beneficiaries is obviously ineffectual.

We note, further, at the time she went to the bank she bore no trust intent, "tentative" or otherwise. Her intent was to withdraw the funds for her personal use. As she candidly admitted in her objection to a stay of enforcment of the judgment, if she should die pending appeal, "the funds in the account may be payable to [the children]. Respondent does not intend this result."

A situation similar to the case at bar arose in *Abbale* v. *Lopez* (Fla.App. 1987) 511 So.2d 340. There the husband opened several savings accounts in the name of himself and his wife as trustee for third persons. The wife was unaware of the trusts, never had possession of the passbooks and never signed the account cards as trustee. It was argued that under these facts the wife was not a cotrustee of a Totten trust and, upon her husband's death, she became the sole owner of the accounts. The court rejected this argument. "If she did not sign, this fact would not make her a co-owner. At most her status as a named co-trustee was a nullity and mere surplusage and upon [the husband's] death the beneficiaries were then immediately entitled to the proceeds of the trust." (*Id.* at p. 341.) Based on the evidence Ms. Bernstein submitted on her motion for summary judgment she is in no better position than the wife in *Abbale* v. *Lopez.*

(b) *No showing of a trust res.*

A trust is created only if there is trust property. (Former Civ. Code, §§ 2221, subd. 1, 2222, subd. 2, now Prob. Code, § 15202.) A Totten trust is "created by the deposit of funds in trust for some person other than the depositor . . . ." (*Estate of Collins, supra,* 84 Cal.App.3d at p. 932.) Although it is not always so expressed, it is implicit the deposit referred to is "[a] deposit by one person of his own money. . . ." (*In re Totten, supra,* 71 N.E. at p. 752.) In *Estate of Collins, supra,* it was held a Totten trust was not established where the trustor signed an account card naming himself trustee for another but never deposited any funds into the account. (84 Cal.App.3d at p. 934.)

Ms. Bernstein presented no evidence she deposited any funds in the account. Ms. Bernstein contends she and Mr. Fisher owned the funds in the account as joint tenants therefore she was a codepositor with Mr. Fisher. But, as we will discuss more fully below, there is no evidence showing Mr. Fisher intended to create a joint tenancy account with Ms. Bernstein or that he intended to make a gift to her of the funds in the account.

### 3. *Ms. Bernstein Failed to Show Undisputed Facts Sufficient to Establish She Is the Surviving Joint Tenant of a Joint Tenancy Account.*

In arguing she is entitled to the funds as surviving joint tenant, Ms. Bernstein again relies on the account card and on former Financial Code section 7604 which, at the time the account was opened, provided: "The purchase or acceptance of shares or investment certificates in the name of two or more persons as joint tenants or in form to be paid to any of them or the survivors of them, in the absence of fraud or undue influence, is conclusive evidence in any action or proceeding to which either the association or the surviving share or certificate holders may be a party of the intention of such share or certificate holders to vest title to such shares or certificates and dues paid on account thereof and dividends and interest thereon in the survivors."[2]

It is undoubtedly the rule, under section 7604 and its successor, that the title to a joint tenancy account vests in the survivor. But that rule is of no assistance to Ms. Bernstein because she has not shown by undisputed evidence the account is a joint tenancy account. Furthermore, based on the evidence presented there is a triable issue of fact as to whether, assuming she is a surviving joint tenant, she holds title to the account as trustee for the Fisher childen.

### (a) *No showing of intent to create a joint tenancy.*

■ Before the "conclusive" presumption of section 7604 can arise, there must be evidence establishing the depositor intended to create a joint tenancy. (*Paterson* v. *Comastri* (1952) 39 Cal.2d 66, 71 [244 P.2d 902]; *Pruyn* v. *Waterman* (1959) 172 Cal.App.2d 133, 136-137 [342 P.2d 87].) If the joint tenancy box on the account card had been checked or if there was any written or verbal declaration of joint ownership by Mr. Fisher and Ms. Bernstein then a presumption of joint tenancy would arise. (*Manti* v. *Gunari* (1970) 5 Cal.App.3d 442, 451 [85 Cal.Rptr. 366]; *Carr* v. *Carr* (1911) 15 Cal.App. 480, 485-486 [114 P.2d 1009]; former Fin. Code, § 7602, now § 6800.) But as we have seen, none of the boxes on the account card were checked and Ms. Bernstein presented no evidence Mr. Fisher intended to create a joint tenancy. ■ The use of the word "or" between his name and Ms. Bernstein's does not create a joint tenancy. (*Manti* v. *Gunari, supra,* 5 Cal.App.3d at p. 447.)

---

[2] Section 7604 was subsequently amended and recodified as section 6802. (Stats. 1983, ch. 1091, § 2.) The amendment dropped the exception for fraud or undue influence but that change is not relevant to our decision in this appeal.

(b) *Triable issue of fact as to Ms. Bernstein's trusteeship for the Fisher children.*

■ Even if it was established Ms. Bernstein was the surviving joint tenant, the Fisher children would be entitled to prove she holds title to the funds in trust for them.

In *Jarkieh* v. *Badagliacco* (1946) 75 Cal.App.2d 505 [170 P.2d 994] the evidence showed a mother had established a joint tenancy bank account in the names of herself and her daughter with the expressed intent that upon her death the daughter would share the funds equally with her brother. After the mother's death the daughter refused to share the funds claiming she was the sole owner under a statute applicable to banks but with language substantially the same as Financial Code section 7604. (*Id.* at pp. 507-508.) The court held the vesting provision of the statute inapplicable because there was actual fraud on the daughter's part. As an alternative theory supporting judgment for the brother, the court pointed out, "[T]he surviving joint tenant only takes *title* to the account. There is nothing in the wording of [the statute] that precludes a holding in a proper case, regardless of fraud or undue influence, the surviving joint tenant holds that legal title in trust for another. In such a case the conclusive presumption contained in the section is not being disturbed. Title goes to the survivor but evidence is admissible to show that the survivor holds such title subject to the terms of a trust." (*Id.* at p. 510; italics in original.)

In opposition to the motion for summary judgment, the Fisher children submitted Mr. Fisher's will as evidence he intended the funds in his account to go to them. In his will, Mr. Fisher made the following statements relevant to his intent.

"All savings accounts are in trust for one or more of my daughters, or shared by them. They are presently located at The Beverly Hills Savings & Loan Association. Mr. Bob Cubbison, V.P.

"Those accounts are to go entirely to those individuals named.

". . . . . . . . . . . . . . . . . .

"I wish to be buried at Forest Lawn in a simple plot of God's earth and with a simple headstone bearing my name, and fact that 'HE LOVED HIS DAUGHTERS MORE THAN LIFE.' No date of birth or death. Let's keep it simple folks.

". . . . . . . . . . . . . . . . . .

"But no love has ever even come close to my intense love for my two daughters. They have been the well-spring of my life, and have helped me make it through the nigh[t.] Without them my life, as I know it, is without an iota of worth."

From these statements a trier of fact could find that if Ms. Bernstein is a surviving joint tenant she holds title in trust for the Fisher children.

■ Ms. Bernstein argues a trier of fact cannot consider the intent expressed in Mr. Fisher's will. She cites as authority the conclusive presumption of survivorship contained in section 7604, *supra,* and section 5302, subdivision (e) of the Probate Code which provides: "A right of survivorship arising from the express terms of the account or under this section . . . cannot be changed by will." Neither of these sections support her argument.

Evidence of the contents of the will does not go to the question of survivorship but whether Mr. Fisher intended to create a joint tenancy. Therefore, Financial Code section 7604 does not bar the will from evidence. Probate Code section 5302 is only applicable to accounts in credit unions and industrial loan companies. (Prob. Code, § 5101, subds. (a), (c).) The account in question was opened at a savings and loan association. Furthermore, the purpose of section 5302, subdivision (e), was to strengthen the position of beneficiaries of Totten trusts as against the heirs of the depositors. (Recommendation Relating to Nonprobate Transfers (Sept. 1982) 16 Cal. Law Revision Com. Rep. (1982) p. 139.) In this case the will strengthens the claim of the children that Mr. Fisher intended them to have the funds in the account upon his death.

4. *Ms. Bernstein Failed to Show Undisputed Facts Sufficient to Establish She Is Entitled to the Funds as Third Party Beneficiary of a Contract Between Mr. Fisher and the Savings and Loan Association.*

■ The account card serves as a contract between the depositor and the financial institution and the financial institution has a duty to pay out the depositor's funds only in accordance with the depositor's instructions. (*Blackmon* v. *Hale* (1970) 1 Cal.3d 548, 556 [83 Cal.Rptr. 194, 463 P.2d 418].) Unfortunately, in the case at bar, the account card contains no such instructions.

Ms. Bernstein may be able to establish at trial Mr. Fisher intended her to be the beneficiary of the funds on deposit but she has not done so from the evidence presented so far.

" 'The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract . . .' The intent to make the obligation inure to the benefit of a third party must be clearly manifested by the contracting parties. . . ." (*Arata* v. *Bank of America* (1963) 223 Cal.App.2d 199, 205 [35 Cal.Rptr. 703].)

The requisite intent does not appear on the face of the account card which merely recites: "Arthur N. Fisher or Ann Bernstein as Trustees for Shari Lynn Fisher and Dani Yale Fisher . . . ."

### DISPOSITION

The judgment is reversed and the case remanded for further proceedings consistent with this opinion. Appellants are awarded costs on appeal.

Lillie, P. J., and Thompson, J., concurred.

APPENDIX

| FISHER: ARTHUR N. OR BERNSTEIN:ANN AS TRUSTEES FOR SHARI LYNN FISHER AND DANI YALE FISHER AND ARTHUR N. FISHER (VESTING CHANGE ON 9/1/82) | NOW ☐  SAVINGS ☐ | 7-154446-4 ACCOUNT NUMBER |
|---|---|---|

| | DATE OPENED 05/17/82 | AMOUNT 138,328.44 | BY/APPROVED G.B. |
|---|---|---|---|

☐ INDIVIDUAL  ☐ JOINT TRUSTEE  ☐ COMMUNITY PROPERTY
☐ JOINT  ☐ FIDUCIARY
☐ TRUSTEE  ☐ TENANTS IN COMMON  ☐ OTHER

**CHILDREN**
RELATIONSHIP OF BENEFICIARY

| (213)464-5600 HOME PHONE | BUSINESS PHONE | NO OF SIGS REQ | LOCATION | FICHE NO |
|---|---|---|---|---|

| AUTHORIZED SIGNATURE 1 | ID 1 | OTHER ACCTS | MMN LANDMAN | BIRTHDATE |
|---|---|---|---|---|
| | ID 1 | | SSN 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 | PLACE |
| AUTHORIZED SIGNATURE 2 | ID 2 | | MMN | BIRTHDATE |
| | ID 2 | | SSN | PLACE |

| BONUS CODE | CAUTION CODES | INT RATE | TERM | INTEREST INSTRUCTIONS | TRANSFER TO ACCT NO |
|---|---|---|---|---|---|

My signature on this card is evidence that I have read and agree to the terms and conditions contained in the Disclosure Statement or what appears on this signature card.

SF-085 11/80

432

### INDIVIDUAL TRUSTEE AND JOINT TRUSTEE ACCOUNT

Account holder(s) declare(s) that this account is held by the account holder(s) in trust for the beneficiary(ies) designated on the face hereof reserving the right to account holder (or if more than one to each account holder) to revoke such trust in whole or in part at any time or times by executing or delivering to the Association a request for withdrawal of the whole or part to which such request relates. Upon death of account holder (or if more than one account holder, upon the death of the last survivor thereof) the Association shall pay this account to the beneficiary if then living (if more than one person be designated as beneficiary equally to those designees then living) but if no beneficiary is then living the Association shall pay this account to the estate of the account holder (or if more than one account holder, to the estate of the last survivor)

### JOINT TENANCY ACCOUNT

Account holders declare that our interest in the account is as joint tenants with right of survivorship and not as tenants in common, and not as tenants by the entirety. It is agreed that any funds placed in or added to the account by any one of the parties are and shall be the property of the joint tenancy

### TENANTS IN COMMON ACCOUNT

Account holders declare that all additions and credits to this account shall be owned by the undersigned as tenants in common. Unless indicated otherwise after our signatures on the face hereof the interest of each of the account holders shall be deemed to be equal

### COMMUNITY PROPERTY ACCOUNT

Account holders declare that our interest is owned as community property

### FIDUCIARY ACCOUNT

The account holder certifies that the funds which are deposited into this account are funds that may be lawfully vested in or placed in such account in accordance with authority vested in the account holder as the fiduciary

| DATE CLOSED | BY | AMOUNT | OTHER ACCOUNTS | REASON |
|---|---|---|---|---|
| | | | | |